UNITED STATES of America,
Appellee,

v.

Ernest Charles DOWNS, Appellant.

UNITED STATES of America,
Appellee,

v.

Larry Dee JOHNSON, Appellant.

UNITED STATES of America,
Appellee,

v.

John Dennis KOOP, Appellant.

Nos. 198–68, 199–68, 200–68.

United States Court of Appeals
Tenth Circuit.

June 27, 1969.

Lawrence A. McSoud, U. S. Atty. (Hubert H. Bryant, Tulsa, Okl., on brief), for appellee.

Don L. Gilder, Tulsa, Okl., for appellant Downs.

Vural L. Gilley, Tulsa, Okl., for appellant Johnson.

Theodore P. Gibson, Tulsa, Okl., for appellant Koop.

Before MURRAH, Chief Judge, SETH, Circuit Judge, and CHRISTENSEN, District Judge.

PER CURIAM.

Downs, Johnson, and Koop were jointly charged, tried and convicted by a jury on a charge of transporting a stolen automobile in interstate commerce in violation of 18 U.S.C. § 2312—The Dyer Act. On appeal, the defendants assert that their respective confessions were inadmissible because: (1) they were not properly advised of their Miranda rights, and (2) as reduced to writing by the FBI Agent, the confessions did not accurately reflect their oral statements; and that the government otherwise failed to corroborate their confessions and thus prove the essential elements of the offense.

The pertinent facts are that the appellants escaped from a state honor camp at Toronto Lake, Kansas on October 18, 1967. On the same evening, a 1958 Ford was stolen from a home less than two miles from the honor camp. The

Ford was later found abandoned near Oilton, Oklahoma.

In the early hours of the next day, a 1965 Chevrolet automobile was stolen near Stroud, Oklahoma, and was pursued by local police officers until the car was abandoned near Seminole, Oklahoma. The occupants fled, and the appellants were subsequently found in a nearby barn. Downs and Koop were taken in one police car to the Seminole police station, and on the same day, to the county jail in Chandler, Oklahoma. Johnson was taken first to the Stroud jail by the chief of police of that city, and later that day to the same jail in Chandler. Johnson gave a fictitious name. None of the appellants was identified and no inculpatory statements were made by any of the appellants to any of the state officers.

On the next day, information was received that three youths had escaped from Kansas and that an automobile had been stolen. When confronted with this information, the appellants asked to speak to the FBI. On the same day, they were taken before the local judge for an extradition hearing. They again asked to see an FBI agent. Agent Field was thereupon contacted and arrived in Chandler in the early evening.

The Agent interviewed each of the appellants alone, handing each of them a "Rights and Waiver Form", which he read aloud while they "supposedly" followed, with the form in front of them. Each of them was separately asked if he had any question, and having none, he was asked to and did sign the waiver form. Each of the appellants then proceeded to confess to the interstate theft of the 1958 Ford automobile which had been stolen in Kansas three days before. The statements were then reduced to writing and signed and witnessed.[1]

Upon evidentiary hearing on the motion to suppress, the trial court found "that these three defendants were treated very carefully and very kindly, and no advantage was taken of them at any time by any of the officers of Seminole County, the City of Seminole, Lincoln County, Stroud, Oklahoma, and that their rights have been diligently and carefully preserved and no advantage has been taken of any one of these defendants." The court accordingly ruled as a matter of law that each of the appellants had been advised of his constitutional rights. Each of the confessions was admitted in evidence and their voluntariness submitted to the jury. See Coyote v. United States, 380 F.2d 305 (10th Cir. 1967).

■ The point is made, however, that while the appellants did not know the name of the town in Oklahoma near which the Kansas automobile was abandoned and found, the name of "Oilton, Oklahoma" was supplied by the Agent when he reduced the oral confessions to writing. But the crucial and incriminating fact is that the confessions each admitted the theft of the Kansas automobile, which was in fact found near Oilton, Oklahoma. This admission served to prove the essential elements of the offense. Each appellant signed his confession and there is no contention that they contained any misstatement of the facts. We agree that the confessions were voluntarily given—hence admissible.

■ We have recently said that a conviction based solely on an uncorroborated confession cannot stand. See Mapys v. United States of America, 409 F.2d 964 (10th Cir. 1969), and cases cited. This does not mean, however, that the government must prove its case dehors the confessions. "If the government must prove the whole charge, in order to corroborate the confession, of what use is the confession?" Manning v. United States, 215 F.2d 945 at 946 (10th Cir. 1954).

■ The corroborating evidence established the theft of the automobile from near Toronto Lake, Kansas, on October 18, 1967. The same automobile

---

1. There is no contention that the confessions are inadmissible for failure to comply with Rule 5(a), Fed.R.Crim.P., 18 U.S.C.

was subsequently found abandoned near Oilton, Oklahoma, on October 20, 1967. Downs testified that he left the honor camp near Toronto Lake without permission on October 18. He knew where the home was located from which the car was taken and its approximate distance from the honor camp. He admitted he was a passenger in one car from Kansas to Oklahoma, and that he was in the 1965 Chevrolet when it was abandoned before he and his companions were found in the barn. This shows the continuity of travel between the locations where the Ford was stolen and the Chevrolet abandoned. The Ford was identified by serial number, license tags, color and year. There is substantial independent evidence tending to corroborate the confessions.