UNITED STATES of America,
Appellee,

v.

Robert Jonny KITZMAN, Appellant.

No. 74–2003.

United States Court of Appeals,
Eighth Circuit.

Submitted April 16, 1975.

Decided Aug. 18, 1975.

Barry D. Kincannon, Fort Smith, Ark., for appellant.

James A. Gutensohn, Asst. U. S. Atty., Fort Smith, Ark., for appellee.

Before JONES,* Senior Circuit Judge, HEANEY and HENLEY, Circuit Judges.

JONES, Circuit Judge.

As in many an appeal from a conviction in a criminal cause, none of the questions presented are related to the guilt or innocence of the appellant.

The husband of the then girl friend of the appellant, Robert Jonny Kitzman, informed officers of the Springdale, Arkansas, Police Department that a stolen automobile was located at the Shady Grove Mobile Home Park in Springdale. The identification number was given. The officers ascertained that a car of· that number had been stolen in Denver. On the morning of June 9, 1974, Sergeant Luker and other officers of the Springdale Police Department went to the mobile home park where they locat-

ed the suspect car and verified the identification number as that of a stolen vehicle. Sergeant Luker went to the door of an adjacent trailer and knocked on the door. The appellant Kitzman came to the door. Sergeant Luker asked Kitzman if he knew who owned the car. Kitzman answered "Yes sir, it is mine." Kitzman was then placed under arrest, taken to jail and there given the Miranda warnings. He was indicted for interstate transportation of a motor vehicle in violation of the Dyer Act, 18 U.S.C.A. Sec. 2312.

Kitzman did not make bond and was held in jail. While in jail he swallowed a spoon handle. The court committed him to the Medical Center for Federal Prisoners, Springfield, Missouri, on June 18, 1974. The spoon handle was removed by surgery on July 3, 1974. Kitzman was released from the Medical Center and returned to jail on July 24. He swallowed a ball point pen filler, and was recommitted to the Medical Center on July 27. The filler was removed by surgery on October 21. On November 6, or thereabouts, while at the Medical Center Kitzman swallowed another spoon.

On December 11, 1974, Kitzman filed a motion to dismiss the indictment on the ground that he had been denied a speedy trial. On December 12, 1974, he was returned from Springfield to Fort Smith for a hearing on this motion. The second spoon was still in his stomach. Kitzman introduced a letter from the doctor who was Chief Surgeon and Chief of Staff of the Medical Center. It stated that Kitzman could have been returned for trial any time between June 18 and the date of the letter, November 21, except for one week convalescent periods following the surgeries to remove the spoon handle and ball point pen filler on July 3 and October 21. The court denied the motion.

The trial began and ended on December 16, 1974. The government called two witnesses, Officer Luker and Velma Jean Phillips, who had formerly lived

---

* Warren L. Jones, United States Court of Appeals for the Fifth Circuit, sitting by designation.

with Kitzman. Officer Luker testified as to the facts leading up to, including, and following Kitzman's arrest. Defense counsel objected to Luker's stating that Kitzman told him that the car was his on the ground that it was hearsay. The court overruled the objection. Miss Phillips stated, among other things, that Kitzman had taken her from Denver, Colorado, to Arkansas, then back to Colorado and again to Arkansas in a 1972 Hornet car and that after they had separated, Kitzman told her that the car had been stolen. The court admitted into evidence, over the objection of Kitzman's counsel, a photostatic copy of a certificate of title, issued to Mary Morgan by the State of Colorado describing the same vehicle as was designated in the indictment.

At the close of the government's case defense counsel addressed the court as follows:

"If the court please, at this time based on the testimony of Mr. Luker stating he did not give the defendant his rights in his investigation it is inadmissible evidence and a mistrial should be declared."

The court denied the motion. The appellant submitted and the court denied a motion for a judgment of acquittal on the ground of insufficient evidence. The defense presented no evidence.

Kitzman was not present when the jury returned to the courtroom prior to the closing arguments. Statements were made in open court that he was not there because he was incarcerated and the door lock on the cell door was not working. After the jury was charged defense counsel moved for a mistrial on the ground of prejudice resulting from the comment regarding the appellant's confinement between trial sessions. The court overruled the motion.

The jury returned a verdict of guilty. The court sentenced Kitzman to four years imprisonment but allowed credit for the time he had been in custody. Kitzman appealed.

Kitzman contends that the district court erred in denying his motion to dis-

miss the indictment for lack of a speedy trial. He refers to the plan of the United States District Court for the Western District of Arkansas, for achieving prompt disposition of criminal cases. This plan was adopted pursuant to Rule 50(b) of the Federal Rules of Criminal Procedure. The plan provides that the trial of an accused shall commence within 90 days of a plea of not guilty if the defendant is held in custody.

■ It is provided in the plan that upon the expiration of the prescribed time, or any extended period, a defendant shall be released from custody unless the delay was caused by the defendant. A failure to comply with the time requirements of the plan does not require a dismissal of the indictment. Kitzman does not rely on the plan as a ground for a dismissal of the indictment. His claim is based upon that part of Rule 48(b) Fed.Rules Crim.Proc. which provides that upon any unnecessary delay in bringing a defendant to trial the court may dismiss the indictment. The appellant would use the provisions of the plan as a gloss upon the Rule so that the failure to follow the plan would invoke the terms of the Rule. There is nothing which requires or permits such construction. Although the two are directed toward the same objective they are different and are enforced by different sanctions.

■■ The standard of review of a denial of a motion to dismiss based on Rule 48(b) is whether the district court's refusal to dismiss was an abuse of discretion. *Hodges v. United States,* 8th Cir. 1969, 408 F.2d 543. Kitzman's actions in swallowing the foreign objects caused the delay. Nothing before this Court discloses that the delay was attributable to anything other than the concern of the prosecution and the court for Kitzman's well-being. The government and the courts should not be callously indifferent to the health and welfare of defendants under criminal indictment. Kitzman did not demand a trial prior to his motion to dismiss, which was filed on December 11, 1974. The trial took place

five days later. He was not in any way prejudiced by the delay. The court did not abuse its discretion in denying the motion to dismiss.

■ Kitzman's second contention is that the district court erred in admitting into evidence the photostatic copy of the certificate of title to the motor vehicle because it was not properly authenticated. The government points to Rule 27 of the Federal Rules of Criminal Procedure, to support the admissibility of the paper. The Rule provides that an official record may be proved in the same manner in criminal actions as in civil actions. Rule 44(a)(1) of the Federal Rules of Civil Procedure states that an official domestic record "may be evidenced by an official publication thereof or by a copy attested by the officer having the legal custody of the record, or by his deputy and accompanied by a certificate that such officer has the custody." It may be that the title certificate is not within the terms of the Rule. Whether so or not the requirements of this rule were not satisfied.

However, our inquiry does not end here. The government could perhaps have made its proof with respect to the copy of the title certificate under 28 U.S.C.A. § 1732, the business records provision. *Meyer v. United States,* 8th Cir. 1968, 396 F.2d 279, cert. denied 393 U.S. 1017, 89 S.Ct. 621, 21 L.Ed.2d 561; *Thompson v. United States,* 5th Cir. 1964, 334 F.2d 207. This section provides in part as follows:

> "(b) If any . . . department or agency of government, in the regular course of business or activity has kept or recorded any memorandum, writing, entry, print, representation or combination thereof, of any act, transaction, occurrence, or event, and in the regular course of business has caused any or all of the same to be recorded, copied, or reproduced . . . Such reproduction, when satisfactorily identified, is as admissible in evidence as the original itself . . .."

There was no showing that the title certificate was kept, recorded or copied in the regular course of business. The reproduction was not identified. Its admission in evidence was error.

■■ Objection was made to Officer Luker's testimony as to Kitzman's statement that he owned the car. The objection was made on the asserted ground that the testimony was hearsay. The court properly overruled the objection. It is the rule that:

> "An objection *overruled,* therefore, naming a ground which is untenable, cannot be availed of because there was *another and tenable ground which might have been named but was not* . . . ." 1 Wigmore on Evidence (3d ed.), Section 18.

■ At the close of the government's case the appellant again challenged the testimony of Officer Luker. Defense counsel addressed the court as follows:

> "If the court please, at this time based on the testimony of Mr. Luker stating he did not give the defendant his rights in his investigation it is inadmissible evidence and a mistrial should be declared."

The motion was denied. The government says that the statements were admissible because they were made when Kitzman was neither in custody nor under arrest. We need not and do not address the issue of whether the challenged statements were made during a custodial interrogation. Even if the objection was not waived it was nevertheless properly overruled because most, if not all, of Officer Luker's testimony was admissible. "Where the objection is to . . . the *entire testimony* of a particular witness and names a ground tenable for one part only, it is insufficient . . . ." 1 Wigmore on Evidence (3d ed.), Section 18.

■ Kitzman's final contention is that the trial court erred in denying his motion for a mistrial when the jury was returned to the courtroom in his absence and there was a discussion in open court to the effect that he was incarcerated and the door to the jail was not working

and he would be in the courtroom when the door was unlocked. In support of this contention Kitzman cites Rule 43 of the Federal Rules of Criminal Procedure, which provides that the defendant shall be present at every stage of the trial.

This contention is without merit. The record does not reveal nor does Kitzman suggest that anything other than the return of the jury to the courtroom occurred during Kitzman's absence. No reasonable possibility of prejudice resulted from his absence, and the error, if any, was harmless. *Peterson v. United States,* 8th Cir. 1969, 411 F.2d 1074, cert. denied 396 U.S. 920, 90 S.Ct. 247, 24 L.Ed.2d 199. The discussion concerning Kitzman's absence was not such as to deprive him of a fair trial.

The district court properly excluded the hearsay testimony by which the government attempted to prove that Mary Morgan had reported the theft of a car which had an identification number matching that of the vehicle which Kitzman was accused of driving from Colorado to Arkansas. If the court had excluded, as it should have, the copy of the title certificate, the only evidence before the jury that the car was stolen was the testimony of Kitzman's one time girl friend that he had told her that the car was stolen. The only proof of this element of the crime was the uncorroborated admission or confession of the defendant. It is not suggested that the statement of Kitzman to Officer Luker that he owned the car might balance out his admission that the car was stolen. It is well settled that corroboration is required of a defendant's confession or extrajudicial admissions of essential elements of a crime. *Opper v. United States,* 348 U.S. 84, 75 S.Ct. 158, 99 L.Ed. 101; *United States v. Stabler,* 8th Cir. 1974, 490 F.2d 345. This principle has been often applied in Dyer Act cases. *United States v. Wilson,* 3rd Cir. 1971, 436 F.2d 122, cert. denied 402 U.S. 912, 91 S.Ct. 1393, 28 L.Ed.2d 654; *United States v. Abigando,* 5th Cir. 1971, 439 F.2d 827; *United States v. Frazier,* 5th Cir. 1970, 434 F.2d 994; *Mossbrook v. United States,* 9th Cir. 1969, 409 F.2d 503; *United States v. Charpentier,* 10th Cir. 1971, 438 F.2d 721; *United States v. Downs,* 10th Cir. 1969, 412 F.2d 315. The courts have used different language in outlining the kind of corroborating evidence which is required. This should present no problem in the present case.

A new trial is required. So that it may be held the judgment of the district court is reversed and the cause remanded.

Reversed and remanded.