Raymond **ROBERSON,** Appellant,

v.

The **STATE** of Texas, Appellee.

No. 54202.

Court of Criminal Appeals of Texas.

April 27, 1977.

Polk Shelton, II, Austin, for appellant.

Ronald Earle, Dist. Atty., and Richard E. Banks, Asst. Dist. Atty., Austin, Jim D. Vollers, State's Atty., and David S. McAngus, Asst. State's Atty., Austin, for the State.

## OPINION

ROBERTS, Judge.

This is an appeal from an order revoking probation.

On August 7, 1975, the appellant was found guilty, upon his plea, of theft. His punishment was assessed at three (3) years, probated. Condition (2) of appellant's probation was that he "Commit no offense against the laws of this or any State or of the United States."

On May 19, 1976, the State filed a motion to revoke alleging that the appellant violated the provisions of his probation in that:

"he committed the offense of Burglary of a Habitation in that on or about the 16th day of April 1976, in the County of Travis, State of Texas, the defendant did then and there with intent to commit theft enter a habitation which was not open to the public, without the effective consent of D. J. Nunn, the owner."

The appellant entered a plea of "true" to the State's motion to revoke. He complains on appeal that the trial court abused its discretion in not withdrawing his plea of "true" and in revoking his probation upon insufficient evidence.

The only testimony at the hearing came from the appellant. He admitted that he entered the residence of the complaining witness without her permission. However, he specifically denied any intent to commit theft:

"Q You don't know—when you went in there that night, did you intend to commit theft?

"A No.

"Q You did not; okay. What were you going to do, Mr. Roberson?

"A I had seen somebody coming out of the house—I thought I had seen somebody coming out of the house."

At the conclusion of the hearing, the prosecutor stated, "Judge, burglary is alleged, and I believe the evidence is sufficient to find him guilty of a lesser included offense of criminal trespass of a habitation." The prosecutor also recommended that appellant's sentence be reduced to two years. Accordingly, the trial court revoked appellant's probation and imposed sentence at two years' confinement in the Texas Department of Corrections. However, the court's order revoking probation recites that appellant committed the offense of burglary of a habitation, as alleged in the State's motion to revoke.

The sufficiency of the evidence in a probation revocation cannot be challenged in the face of a plea of "true." *Mitchell v. State*, 482 S.W.2d 221 (Tex.Cr.App.1972). However, we must consider the sufficiency

of the evidence because the trial court should have withdrawn the appellant's plea of "true" when the appellant took the stand and specifically denied any intention of committing theft. *See, Gates v. State,* 543 S.W.2d 360 (Tex.Cr.App.1976); *Woodberry v. State,* 547 S.W.2d 629 (Tex.Cr.App., 1977).

■ Criminal trespass is a lesser included offense of burglary. *Day v. State,* 532 S.W.2d 302 (Tex.Cr.App.1976). If the evidence is sufficient to support criminal trespass, we may reform the trial court's finding to reflect this. *Pickett v. State,* 542 S.W.2d 868, 870–871 (Tex.Cr.App.1976); Art. 44.24(b), V.A.C.C.P.

Appellant testified that he entered the complaining witness' home through the window and did this without her permission. He attempted to set up some type of defense by stating, "I had seen somebody coming out of the house—I thought I had seen somebody coming out of the house." The trial court, as trier of fact, could have chosen not to believe this attempted defense. The trial court would not have abused his discretion if he had revoked probation based on appellant's commission of criminal trespass.

■ The evidence being sufficient to support a finding that the appellant committed criminal trespass, the order revoking probation is reformed so as to reflect this.

The judgment of the trial court is affirmed.

DOUGLAS, J., concurs in the result.