**Hubert HORTON, Jr., Appellant,**

**v.**

**The STATE of Texas, Appellee.**

**No. 68068.**

Court of Criminal Appeals of Texas,
Panel No. 3.

Sept. 23, 1981.

David Bolduc, Court appointed, Austin, for appellant.

Ronald Earle, Dist. Atty., and Ralph Graham, Asst. Dist. Atty., Austin, Robert Huttash, State's Atty., Austin, for the State.

Before ONION, P. J., and DALLY and McCORMICK, JJ.

## OPINION

McCORMICK, Judge.

On February 17, 1977, appellant pled guilty to theft and was placed on felony probation for a period of ten years.

On April 25, 1980, appellant was arrested for a burglary. That burglary was the basis of the State's motion to revoke filed on May 7, 1980. Appellant was revoked and sentenced to five years in the Texas Department of Corrections on June 20, 1980.

Appellant initially complains that the evidence was insufficient to prove that he had the intent to commit a theft when he entered the habitation on April 25, 1980.

The evidence reflected that at approximately 3:00 a. m. the Austin Police Department received a call of a burglary in progress at an Austin apartment complex. Upon arrival, the officers saw a man, fitting the description they had been given by the dispatcher, running away from them. They pursued and caught the suspect. The suspect turned out to be appellant. A broken screwdriver was found in appellant's pocket.

The officers then went to the apartment in question and found the door open. The lock had evidently been forced open. A portion of a broken screwdriver was found inside the apartment on the floor. That portion matched the part found in appellant's pocket. The marks on the door were consistent with the broken screwdriver. The victim was not home at the time of the entry. A pair of panties were found hanging on the outside doorknob of the front door of the apartment. A note was written on the panties, "You missed out on me, . . ." Nothing was found missing from the apartment.

The victim testified that she casually knew appellant and that he knew where she lived.

It may be presumed that an entry made without consent in the nighttime is made with intent to commit theft. *Moss v. State*, 574 S.W.2d 542 (Tex.Cr.App.1978); *Jones v. State*, 587 S.W.2d 115 (Tex.Cr.App. 1978); *Solis v. State*, 589 S.W.2d 444 (Tex. Cr.App.1979).

The evidence was sufficient to prove appellant's intent by a preponderance of the evidence. Further, even if the evidence were insufficient as to appellant's intent, this would not require reversal of the cause. In *Roberson v. State*, 549 S.W.2d 749 (Tex.Cr.App.1977), this Court held that since criminal trespass is a lesser included offense of burglary, where the evidence in a hearing on a motion to revoke probation is sufficient to support a finding of criminal trespass but not burglary, this Court would reform the trial court's finding to so reflect and affirm as reformed. See also, *Pickett v. State*, 542 S.W.2d 868 (Tex. Cr.App.1976).

Appellant, in four grounds of error, contends that the trial court erred in not dismissing the motion to revoke because the hearing was not held within twenty days of appellant's filing an Article 42.12, Section 8 a, V.A.C.C.P., speedy hearing motion.

The record reflects that on May 29, 1980, appellant filed a motion for a speedy revocation hearing. There is a notation by the trial judge on that motion that the hearing would be set by agreement for June 5, 1980. On June 18, 1980, appellant filed a writ of habeas corpus asking for relief due to the fact that no revocation hearing had occurred within twenty days of the filing of the Article 42.12, Section 8 a, motion. On June 19, 1980, relief pursuant to the writ was denied by the trial court.

It appears from the record that the hearing on the motion to revoke probation was originally set for May 29, 1980, the date appellant filed his motion for a speedy hearing. However, the appellant requested a delay so that he could avail himself of a copy of an examining trial transcript. The case was then reset until June 5, 1980, and subsequently continued and heard on June 19, 1980. Appellant admits he requested the continuance that resulted in the hearing not being held on May 29, 1980, but rather rescheduled until June 5, 1980.

 Appellant, by filing an Article 42.12, Section 8 a, request for a speedy revocation, had a right to have a hearing on the revocation motion within twenty days. The law is clear that if no hearing is held within that time the motion to revoke must be dismissed, though the State may later refile the motion. See, *Ex parte Trillo*, 540 S.W.2d 728 (Tex.Cr.App.1976).

▆ However, virtually any right may be waived. Likewise, a defendant by his own actions may be precluded from availing himself of a right he might otherwise enjoy. Appellant here requested that the case be continued. He thereby was precluded from asserting that he was entitled to a hearing within twenty days. See, for example, *Harlow v. United States*, 301 F.2d 361 (5th Cir. 1962), cert. denied 371 U.S. 814, 83 S.Ct.

25, 9 L.Ed.2d 56 (1962); *United States v. Kitzman*, 520 F.2d 1400 (8th Cir. 1975); *Osborne v. United States*, 371 F.2d 913 (9th Cir. 1967), cert. denied 387 U.S. 946, 87 S.Ct. 2082, 18 L.Ed.2d 1335 (1967). Appellant's contentions relating to Article 42.12, Section 8 a, are, therefore, without merit. See, *Patterson v. State*, 509 S.W.2d 857 (Tex.Cr. App.1974). It has long been the Texas rule that a defendant by his own actions may be precluded from complaining of an occurrence that would otherwise be objectionable or statutorily and constitutionally impermissible. *Chappell v. State*, 519 S.W.2d 453 (Tex.Cr.App.1975); *Guerra v. State*, 518 S.W.2d 815 (Tex.Cr.App.1975).

See, *Ex parte Tijerina*, 571 S.W.2d 910 (Tex.Cr.App.1978), which held that, when there was good cause for delaying a motion to revoke hearing beyond the twenty day time limit, the motion need not be dismissed.

Finally, appellant claims the trial court abused its discretion in granting a recess from the afternoon of June 19, 1980, until the morning of June 20, 1980. Appellant failed to object to the recess. No harm was shown. Nothing is presented for review.

The order revoking probation is affirmed.