**Randall F. KELLY, Appellant,**

v.

**The STATE of Texas, Appellee.**

**Nos. 12–81–0034–CR, 12–81–0035–CR.**

Court of Appeals of Texas, Tyler.

Jan. 28, 1982.

John R. Heath, Nacogdoches, for appellant.

Herbert Hancock, Dist. Atty., Nacogdoches, for appellee.

PER CURIAM.

This is an appeal from an order revoking probation.

On October 9, 1978, defendant, Randall Kelly, entered guilty pleas in Cause No.

10,735–78–6 on the charge of theft of property of a value of $200 or more, but less than $10,000; and in Cause No. 10,734–78–6, burglary of a building. Defendant was found guilty by the court on both charges and punishment was assessed in each cause at confinement for ten years and a fine of $2,250. The imposition of the confinement was suspended and defendant was placed on probation under the supervision of the trial court and the probation department.

On September 23, 1980, the State filed a motion to revoke defendant's probation. The State alleged, *inter alia*, that defendant had violated the terms of his probation by failing to report in writing or in person for the months of March 1979; April, 1979; May, 1979; July, 1979, December, 1979; February, 1980; March, 1980; June, 1980; July, 1980 and August, 1980.

Defendant filed a stipulation of evidence with the court on December 4, 1980, wherein he stipulated that he had failed to report on the above-stated dates. Defendant further waived the reading of the pleading in the revocation hearing and pled "True" to the allegations made against him.

The trial court, after hearing the evidence, revoked defendant's probation for failure to "report to the probation officer as set forth and required of you by the trial court in its judgment." The court then proceeded to sentence defendant under the original judgment. From this revocation of probation, defendant now appeals.

■ Defendant first contends that the trial court abused its discretion in revoking his probation because there was insufficient evidence to support a finding of failure to report in writing to the Nacogdoches County Probation Department as originally ordered. However, the record reflects that, when called upon to plead to the allegations in the State's motion to revoke probation, defendant pled "True." It is well settled that a defendant's plea of true is alone sufficient to support revocation. *Clapper v. State*, 562 S.W.2d 250 (Tex.Crim.App.1978); *Roberson v. State*, 549 S.W.2d 749 (Tex. Crim.App.1977).

■ Defendant next contends that the trial court abused its discretion in revoking probation for failure to abide by the modified terms for reporting where there was no showing that the court modified the terms of probation.

Defendant contends that he was originally required to report to the Nacogdoches Probation Department but the terms of his probation were later modified so that he was to report to the Fort Bend County Probation Department. Defendant argues there is no evidence in the record reflecting the modification of his probation. Where there is no showing that the terms or conditions of probation were modified by the court, a person's probation cannot be revoked for failure to meet the modified terms. *Ivy v. State*, 545 S.W.2d 827 (Tex. Crim.App.1977).

The *Ivy* case is not applicable. The record in the instant case clearly reflects that the defendant admitted in his own testimony that he knew he was to report to the Fort Bend County Probation Department and had reported there when he did report. In *Taylor v. State*, 592 S.W.2d 614 (Tex. Crim.App.1980), the court upheld a revocation of probation even though there was no evidence that the terms of probation had been modified. The court stated:

> Our record shows conclusively from appellant's own lips that the terms of the probation had been modified and that he had violated the terms of his probation, as modified. *Id.* at 615.

We believe the same is true in the instant case.

The judgment of the trial court is affirmed.