**Basil Wayne RAY, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 04–81–00041–CR.**

Court of Appeals of Texas,
San Antonio.

March 24, 1982.

David L. Clarkson, San Antonio, for appellant.

Bill White, Dist. Atty., Donald Barnhill, Asst. Dist. Atty., San Antonio, for appellee.

Before KLINGEMAN, CLARK and BASKIN, JJ.

OPINION

KLINGEMAN, Justice.

This is an appeal from a conviction of burglary of a building. Tex.Penal Code Ann. § 30.02(a)(1) (Vernon 1974).[1] The trial court found appellant guilty of the charged offense and sentenced him to confinement for a term of eight (8) years.

Appellant's single ground of error is that the State failed to produce sufficient evidence to sustain appellant's conviction of burglary of a building.

On the night of December 21, 1977, between three-thirty and four a. m., Ms. Rafela Espinoza, after being awaken by her barking dog, heard a loud noise sounding like broken glass coming from the building next door. She telephoned the owner of the building, Victor Zavala, and then she telephoned the police.

Mr. Zavala arrived at his building within ten to twelve minutes of receiving Ms. Espinoza's telephone call. When he arrived he met San Antonio Police Officer Noriega outside of the building. Inside the building Mr. Zavala saw a young man handcuffed, who he identified at trial as the appellant. Mr. Zavala testified that he had locked the building when he left approximately four hours earlier, at a "little after twelve."

When Mr. Zavala left earlier that night, all the doors were tightly secured. The glass front door had been secured shut with a large padlock. The other entrances to the building, which had window panes at the tops of the doors, had been secured by nailed-down wooden two-by-fours. There

1.  (a) A person commits an offense if, without the effective consent of the owner, he:
    (1) *enters a habitation, or a building* (or any portion of a building) *not then open to the public, with intent to commit a felony or theft*; or
    (2) remains concealed, with intent to commit a felony or theft, in a building or habitation; or
    (3) enters a building or habitation and commits or attempts to commit a felony theft.
    Tex.Penal Code Ann. § 30.02(a) (Vernon 1974) (emphasis added).

was no one inside when Mr. Zavala locked up for the night.

When Mr. Zavala arrived at the scene of the burglary he found the glass panes removed from the back doors, the two-by-fours which secured the back doors leaning against the wall, the back doors open, and a tire tool and broken beer bottles lying inside the building. On the top of the bar was a bag full of miscellaneous items from the building, i.e., cigarettes, electric shaver. This was not the condition of the building when Mr. Zavala left earlier that night.

Officer Noriega testified that he arrived within three minutes after he received a call stating that prowlers were loitering in the vicinity of Mr. Zavala's "ice house" building. Only thirty minutes earlier he had passed by and everything appeared normal. At four a. m., he found a window pane removed from the door, the door partially opened, and noises emitting from the inside.

From inside Officer Noriega heard the sound of at least two people running and a male voice say "out the front". Officer Noriega immediately ran to the front of the building and found the appellant, who was wearing gloves and trying to open the glass door from the inside. Officer Noriega with gun drawn ordered appellant, who was still inside the building, to lie down. With assistance from the other officers who arrived soon thereafter Officer Noriega took appellant into custody. Inside, Officer Noriega found a tire tool, a cash register with its drawers pulled out, and a money box and bank envelopes on the floor. The appellant was the only suspect apprehended at the scene. Another suspect, however, was arrested nearby immediately following the arrest of the appellant. The testimony of the other officers corroborated the testimony of Officer Noriega.

Appellant asserts that the evidence, although sufficient to support a conviction of the offense of criminal trespass, was insufficient to sustain a conviction for the offense of burglary of a building. We disagree.

Appellant contends that the State failed to prove intent to commit theft. Appellant urges that the State failed to conclusively establish this essential element of the offense of burglary of a building because: (1) it did not show any nexus between appellant and the bag containing personal property; (2) there was at least one other person inside the building when the officers arrived who could have been linked to the bag of personal property; and (3) appellant stated at trial that he entered the building for the purpose of trying to compel his friend to leave the building.

■ Texas law is well settled that it is presumed that an entry made without the consent of the owner in the nighttime is made with the intent to commit theft. *Horton v. State,* 621 S.W.2d 632, 633 (Tex. Cr.App.1981); *Solis v. State,* 589 S.W.2d 444, 446 (Tex.Cr.App.1979); *Jones v. State,* 587 S.W.2d 115, 119 (Tex.Cr.App.1979); *Moss v. State,* 574 S.W.2d 542, 544 (Tex. Cr.App.1978); *Clark v. State,* 543 S.W. 2d 125, 128 (Tex.Cr.App.1976). The failure of the State to show any nexus between the appellant and the bag of personal property did not negate the trial court's finding that appellant entered the building with intent to commit theft.[2] Moreover, appellant presented no evidence to the contrary in the trial court. The excuse offered by appellant as to why he entered the building was stated during closing argument. Such statement was not evidence and could not be considered by the trial court in reaching its finding of guilt. *See Campbell v. State,* 610 S.W.2d 754 (Tex. Cr.App.1980); *Alejandro v. State,* 493 S.W. 2d 230 (Tex.Cr.App.1973). Such excuse offered during closing argument did not

---

**2.** It is well established that the validity of a conviction for burglary *with intent to commit theft* does not rest upon the actual theft of corporeal personal property following the "breaking" but only that it be done with the appropriate intent to commit theft. There-

fore, if no property at all was stolen, the conviction for burglary with intent to commit theft may be sustained if all the elements of such offense have been proven.
*Callahan v. State,* 502 S.W.2d 3, 5 (Tex.Cr. App.1973).

negate the trial court's finding that appellant entered the building with intent to commit theft.

Appellant contends that the trial court's finding that appellant entered the building with intent to commit theft is not supported by the evidence. We do not agree. A review of the evidence demonstrates that there is sufficient evidence, both direct and circumstantial, to support the finding. When viewing the sufficiency of the evidence, this court must consider the evidence in the light most favorable to the verdict. *Callahan v. State*, 502 S.W.2d 3 (Tex.Cr. App.1973); *Clark v. State*, 543 S.W.2d 125 (Tex.Cr.App.1976); *Morgan v. State*, 503 S.W.2d 770 (Tex.Cr.App.1974). When viewed in this light, the facts show that appellant without the consent of the owner entered the building with intent to commit theft. *Horton v. State*, 621 S.W.2d 632, 633 (Tex.Cr.App.1981); *Solis v. State*, 589 S.W.2d 444, 446 (Tex.Cr.App.1979); *Garcia v. State*, 571 S.W.2d 896 (Tex.Cr.App. 1978).

Appellant's only ground of error is overruled. The judgment is affirmed.