**Jerry Wayne HOLLAND, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. A14–81–798CR.**

Court of Appeals of Texas,
Houston (14th Dist.).

April 14, 1983.

Marcia Johnson, Houston, for appellant.

James C. Brough, Houston, for appellee.

Before J. CURTISS BROWN, C.J., and ELLIS and DRAUGHN, JJ.

## OPINION

DRAUGHN, Justice.

This is an appeal from a conviction of burglary of a habitation wherein the appellant, Jerry Wayde Holland, was found guilty pursuant to a trial by jury. Punishment was assessed at nineteen years in the Texas Department of Corrections.

As the sufficiency of the evidence is being challenged, a brief chronology of the events which occurred on May 14, 1980 is necessary. At approximately 3:00 a.m. Ernest Ganem, hereinafter referred to as the complainant, heard a knock on his door. The complainant is the owner and operator of Ernie's Barbeque Pit Club. He lives in an apartment on the side of the dining room and club. The complainant went to the door and asked who was there. A man

replied that he had left a wallet in his club. The complainant, who was suffering from a toothache, told the man to come back in the morning. Thirty minutes later there was another knock at the door. Complainant asked who it was at the door. The reply was "police officers." The complainant got his gun and went to the door and peered through the peephole. He asked the men to stand in front of the peephole and identify themselves. When there was no reply, he asked what officer it was. The reply was, "Officer Lopez." Complainant proceeded to unlock the door, but kept the night chain on. Immediately thereafter the door was kicked open by Sean Dale Bell, who was holding a sawed-off baseball bat in his hands. A man later identified as the appellant was standing behind him at the door. Complainant stepped back and pointed his gun in Bell's face. Bell's reply was, "Oh, goddamn, he's got a gun." Bell and the appellant ran away from the doorway. Bell ran across the street, dropping the baseball bat as he ran. Appellant ran down the side of the building and around the corner. Just before he rounded the corner, the complainant shot at the appellant's feet and to the right. The complainant testified at trial that he shot to the right of the feet because he knew appellant and did not want to hit him. Complainant then fired at Bell and missed.

The complainant called the police and reported that he had been burglarized. The police were nearby, and minutes later pulled into the driveway of the apartment complex in back of complainant's barbeque pit. The appellant lived in the apartments. As the police entered the driveway, they saw Sean Dale Bell, the appellant, and another man in a pick up truck pulling out of the driveway.

The police officers who answered the call noticed that the appellant and Bell were breathing heavily and perspiring. One of the police officers detained the men while the other officer went around to question the complainant. The complainant described the burglars to the police officer. Thereafter, the complainant identified Bell and the appellant as the men who were at

his door. Both men were arrested. Appellant testified at trial that on the night in question he had been celebrating his wedding anniversary. He said he had left his daughter at his mother's house and was on his way to pick her up when the police picked him up outside his apartment at 3:00 a.m. on the night of the incident. Sean Dale Bell confessed to being the man at complainant's door. He testified that appellant was the man with him at the door. He testified that both he and appellant had been drinking and taking mandrax, a tranquilizer, on the night in question. Bell testified that appellant had told him that complainant probably had eleven hundred dollars on him.

In the first of four grounds of error the appellant contends that the evidence was insufficient to sustain the conviction because the accomplice testimony of Sean Dale Bell was not adequately corroborated. Article 38.14, Tex.Code Crim.Pro.Ann. (Vernon 1966) provides:

> A conviction cannot be had upon the testimony of an accomplice unless corroborated by other evidence tending to connect the defendant with the offense committed; and the corroboration is not sufficient if it merely shows the commission of the offense.

 The case law interpreting Article 38.14 is set out in the case of *Paulus v. State*, 633 S.W.2d 827 (Tex.Cr.App.1982). The test as to the sufficiency of the corroboration is to eliminate from consideration the evidence of the accomplice witness and then to examine the evidence of other witnesses with the view of ascertaining if there be inculpatory evidence, which is evidence of an incriminating character which tends to connect the defendant with the commission of the offense. All the facts and circumstances in evidence may be looked to as furnishing the corroboration necessary. If there is such evidence, the corroboration is sufficient; otherwise it is not. *Paulus v. State, supra.* The corroborative evidence may be circumstantial or direct. It is not necessary that the corrobo-

ration directly link the accused to the crime or be sufficient in itself to establish guilt. Otherwise, the testimony of the accomplice would be of no value. Apparently insignificant circumstances sometimes afford the most satisfactory evidence of guilt and corroboration of the accomplice witness' testimony.

■ Viewing the evidence in the light most favorable to the jury's verdict, as this court is required to do, and under the rules discussed above, we conclude that the evidence independent of that of the accomplice witness tends to connect the appellant with the crime charged, and is sufficient to corroborate the accomplice witness' testimony. The appellant knew the complainant and was aware that he kept large sums of money on hand. The appellant was in the immediate vicinity at a very unreasonable hour, 3:00 a.m., with the accomplice, Sean Dale Bell. It has been held that to prove corroboration, one may show that the accomplice witness and the accused were intimate associates, but it is not enough to show only that the accused and the accomplice witness were together shortly before or after the crime. However, the presence of the accused with the accomplice witness may, when coupled with other circumstances, be sufficient to corroborate the testimony of the accomplice witness. *Paulus v. State, supra.* The other circumstance that connects the appellant to the crime is that he, along with the accomplice witness, was sweating and breathing heavily when the police stopped them as they were pulling out of the apartment driveway.

■ There is direct evidence which corroborates the testimony of the accomplice. The complainant identified the appellant as the man who was at his door with the accomplice witness. There was evidence that the complainant knew the appellant, and that is why he shot at his feet and to the right. The complainant admitted that he did not see appellant's face and that he based his identification on appellant's build and clothing. The mere fact that the identification was not positive, in that complainant did not see his face, does not make the identification insufficient corroboration. The identification need not be positive to provide sufficient corroboration. *Cooper v. State,* 631 S.W.2d 508 (Tex.Cr.App.1982), and cases cited therein. We hold that there was sufficient corroborative evidence that tended to link the appellant to the offense apart from the accomplice's testimony. Appellant's first ground of error is overruled.

■ Appellant's second ground of error contends that the circumstantial evidence was insufficient to sustain the conviction because there was an outstanding hypothesis of the guilt of another person. This ground of error is without merit, because this is not a circumstantial evidence case. There was no charge to the jury on circumstantial evidence; therefore, the test as to the sufficiency of the evidence in circumstantial evidence cases does not apply. The complainant's testimony and his identification of appellant were direct evidence of appellant's guilt. The accomplice testimony of Sean Dale Bell was direct evidence of appellant's guilt. A charge on circumstantial evidence is not required where the defendant's participation in the crime is shown by the testimony of an accomplice. *Pinson v. State,* 598 S.W.2d 299 (Tex.Cr. App.1980). Appellant's second ground of error is overruled.

■ Appellant's third ground of error contends that the pretrial identification procedure, viewed from the totality of the circumstances, was so unnecessarily suggestive and conducive to irreparable mistaken identification as to be a denial of due process. We view this ground of error as actually having two parts. The first part of this ground of error is an objection to the pretrial identification procedures; i.e., the on-the-scene identification of appellant by the complainant. A review of the record reveals that there was no trial objection corresponding to the contention now raised for the first time on appeal. An error presented on appeal must be the same as the objection raised at trial. *Vanderbilt v. State,* 629 S.W.2d 709 (Tex.Cr.App.1981) *cert. den'd,* 456 U.S. 910, 102 S.Ct. 1760, 72 L.Ed.2d 169. Therefore, appellant's objec-

tion to the pretrial identification on appeal presents nothing for review.

 Another related part of this ground of error is an objection to the in-court identification of appellant by the complainant. While this Court acknowledges that the identification of appellant by the complainant was not a positive face-to-face identification, the jury had before it all the relevant information concerning the identification of the appellant and it was the jury's duty to determine the credibility of their testimony and to decide the weight to be given to their testimony. *Garza v. State,* 633 S.W.2d 508 (Tex.Cr.App.1981). There being no error, appellant's third ground of error is overruled.

Appellant's fourth ground of error is that the State failed to meet its burden of proving every element of the offense of burglary of a habitation as required by law.[1] Appellant contends that the State failed to prove that appellant acted with the intent to steal. Appellant mistakenly argues that the "people who did approach his door on the night of the incident charged never at any time told him that they were there to commit theft." There is no rule of law which requires that a would-be burglar announce to its victim that he is there with the intent to commit theft. The correct rule of law is that it may be presumed that an entry made without consent in the nighttime is made with the intent to commit theft. *Horton v. State,* 621 S.W.2d 632 (Tex.Cr.App.1981). Under the law of parties, Tex.Penal Code Ann. § 7.02(a)(2) (Vernon 1974), appellant is criminally responsible for Sean Bell's entering a habitation with intent to commit theft. Accordingly, appellant's fourth ground of error is overruled.

The conviction is affirmed.

---

1. Tex.Penal Code Ann. § 30.02 (Vernon 1974) provides:

 "A person commits an offense if, without the effective consent of the owner, he:

 (1) enters a habitation or a building (or any portion of a building) not then open to the public, with intent to commit a felony or theft."