TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN







NO. 03-99-00367-CR







Leroy Flores, Appellant



v.



The State of Texas, Appellee






FROM THE DISTRICT COURT OF BEXAR COUNTY, 187TH JUDICIAL DISTRICT


NO. 89-CR-3471, HONORABLE RAYMOND ANGELINI, JUDGE PRESIDING







 Leroy Flores appeals from an order revoking his probation. He raises one point
of error contending that the district court erroneously revoked his probation. We will affirm the
district court's order.

 Flores was placed on probation for burglary for ten years on June 4, 1996. On
April 12, 1999, the State filed its first amended motion to revoke probation asserting that Flores
violated several conditions of his probation. Among other violations, the State alleged that on
January 12, 1999, Flores consumed alcoholic beverages in violation of condition 2 of his
probation. At the revocation hearing, the State and Flores presented evidence relating to this
alleged violation. Additionally, the State alleged that Flores failed to report to the Bexar County
Community Supervision and Corrections Department for the weeks of January 25, 1999, and
February 1, 8, 15, 22 of 1999 in violation of condition 23 of his probation. At the revocation
hearing, Flores pleaded true to violating condition 23 by failing to report to the Department during
those weeks. The district court found that Flores violated conditions 2 and 23 of his probation,
revoked his probation, and sentenced him to six years in prison.

 By a single point of error, Flores contends that the district court erred in allowing
testimony at the revocation hearing about his alcohol consumption on January 12. 

 Appellate review of revocation of probation proceedings is limited to determining
whether the district court abused its discretion. See McDonald v. State, 608 S.W.2d 192, 199
(Tex. Crim. App. 1980). A defendant's plea of true to one alleged violation of probation alone
is sufficient to support revocation of probation. See Hays v. State, 933 S.W.2d 659, 661 (Tex.
App.--San Antonio 1996, no pet.). 

 Flores's plea of true to the allegation that he failed to report to the Department in
January and February 1999 in accordance with condition 23 of his probation alone is sufficient
to support the revocation. See Kelly v. State, 627 S.W.2d 826, 827 (Tex. App.--Tyler 1982, no
pet.) (citing Clapper v. State, 562 S.W.2d 250 (Tex. Crim. App. 1978); Roberson v. State, 549
S.W.2d 749 (Tex. Crim. App. 1977)) (defendant's plea of true is alone sufficient to support
revocation). 

 Without addressing the merits of Flores's point of error, we hold that he has failed
to show that the district court abused its discretion in revoking his probation. See Moore v. State,
605 S.W.2d 924, 926 (Tex. Crim. App. 1980) (since one sufficient ground supports revocation,
defendant's failure to challenge that sufficient ground means nothing is presented for review on
claim of abuse of discretion in revocation based on another ground). Flores's point of error is
overruled and the district court's order is affirmed. 



 
 Jan Patterson, Justice

Before Justices Jones, Kidd and Patterson

Affirmed

Filed: November 18, 1999

Do Not Publish



ONG>
TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN







NO. 03-99-00367-CR







Leroy Flores, Appellant



v.



The State of Texas, Appellee






FROM THE DISTRICT COURT OF BEXAR COUNTY, 187TH JUDICIAL DISTRICT


NO. 89-CR-3471, HONORABLE RAYMOND ANGELINI, JUDGE PRESIDING







 Leroy Flores appeals from an order revoking his probation. He raises one point
of error contending that the district court erroneously revoked his probation. We will affirm the
district court's order.

 Flores was placed on probation for burglary for ten years on June 4, 1996. On
April 12, 1999, the State filed its first amended motion to revoke probation asserting that Flores
violated several conditions of his probation. Among other violations, the State alleged that on
January 12, 1999, Flores consumed alcoholic beverages in violation of condition 2 of his
probation. At the revocation hearing, the State and Flores presented evidence relating to this
alleged violation. Additionally, the State alleged that Flores failed to report to the Bexar County
Community Supervision and Corrections Department for the weeks of January 25, 1999, and
February 1, 8, 15, 22 of 1999 in violation of condition 23 of his probation. At the revocation
hearing, Flores pleaded true to violating condition 23 by failing to report to the Department during
those weeks. The district court found that Flores violated conditions 2 and 23 of his probation,
revoked his probation, and sentenced him to six years in prison.

 By a single point of error, Flores contends that the district court erred in allowing
testimony at the revocation hearing about his alcohol consumption on January 12. 

 Appellate review of revocation of probation proceedings is limited to determining
whether the district court abused its discretion. See McDonald v. State, 608 S.W.2d 192, 199
(Tex. Crim. App. 1980). A defendant's plea of true to one alleged violation of probation alone
is sufficient to support revocation of probation. See Hays v. State, 933 S.W.2d 659, 661 (Tex.
App.--San Antonio 1996, no pet.). 

 Flores's plea of true to the allegation that he failed to report to the Department in
January and February 1999 in accordance with condition 23 of his probation alone is sufficient
to support the revocation. See Kelly v. State, 627 S.W.2d 826, 827 (Tex. App.--Tyler 1982, no
pet.) (citing Clapper v. State, 562 S.W.2d 250 (Tex. Crim. App. 1978); Roberson v. State, 549
S.W.2d 749 (Tex. Crim. App. 1977)) (defendant's plea of true is alone sufficient to support
revocation). 

 Without addressing the merits of Flores's point of error, we hold that he has failed
to show that the district court abused its discretion in revoking his probation. See Moore v. State,
605 S.W.2d 924, 926 (Tex. Crim. App. 1980) (since one sufficient ground supports revocation,
defendant's failure to challenge that sufficient ground means nothing is presented for review on
claim of abuse of discretion in revocation based on another ground). Flores's point of error is
overruled and the district court's order is affirmed. 



 
 Jan Patterson, Justice

Before Justices Jones, Kidd and Patterson