NO. 12-01-00102-CR



IN THE COURT OF APPEALS



TWELFTH COURT OF APPEALS DISTRICT



TYLER, TEXAS




MELISSA NICHOLAS,
§
 APPEAL FROM THE 114TH

APPELLANT


V.
§
 JUDICIAL DISTRICT COURT OF


THE STATE OF TEXAS,

APPELLEE
§
 SMITH COUNTY, TEXAS







PER CURIAM


 Appellant, Melissa Nicholas ("Appellant"), appeals the trial court's order revoking her
probation. Appellant raises one issue on appeal. We affirm.


Background

 On September 10, 1998, based on her plea of guilty, Appellant was convicted of burglary of
a habitation and sentenced to probation for ten years. On February 6, 2001, the State of Texas (the
"State") filed a motion to revoke Appellant's probation. The State alleged that Appellant violated
the terms of her probation by, among other things, failing to perform community service as directed
by the supervision officer and failing to obtain a General Educational Development certificate. 
Appellant pleaded true to these two allegations in the State's motion to revoke probation. Following
an evidentiary hearing on the matter, the trial court signed an order revoking Appellant's probation
and sentenced Appellant to imprisonment for ten years.





Evidentiary Sufficiency

 Appellant concedes that there is sufficient evidence to support the State's allegations to
which she pleaded true. However, Appellant argues that these violations were mere technicalities
and that they had been satisfied by the time of her hearing on the State's motion to revoke probation. 
Appellant contends that Texas Code of Criminal Procedure article 42.12, section 22(a) provides for
the possibility of continuing a defendant on probation despite a proven violation and that by revoking
Appellant's probation for such minor infractions, the trial court acted unreasonably and abused its
discretion.

 In revocation proceedings, the trial court is the sole trier of facts, the judge of the credibility
of the witnesses, and the weight to be given the testimony. See Taylor v. State, 604 S.W.2d 175, 179 

(Tex. Crim. App. 1980). It is the trial court's duty to determine whether the allegations in the
revocation motion are true. See Langford v. State, 578 S.W.2d 737, 739 (Tex. Crim. App. 1979). 
The State's burden of proof in a revocation proceeding is by a preponderance of the evidence. See
Cobb v. State, 851 S.W.2d 871, 874 (Tex. Crim. App. 1993). Community supervision may be
revoked upon a finding that a defendant has violated the terms and conditions of his community
supervision order. See Lee v. State, 952 S.W.2d 894, 897 (Tex. App.- Dallas 1997, no pet.). An
appellate court is limited to reviewing whether the trial court abused its discretion in revoking
community supervision. Id. The reviewing court must view the evidence presented at the revocation
hearing in the light most favorable to the trial court's ruling. See Garrett v. State, 619 S.W.2d 172,
174 (Tex. Crim. App. 1981). Proof of any one alleged violation is sufficient to support an order
revoking community supervision. See O'Neal v. State, 623 S.W.2d 660, 661 (Tex. Crim. App.
1981). Moreover, it is well settled that a plea of true is alone sufficient to support revocation. See
Clapper v. State, 562 S.W.2d 250, 250 (Tex. Crim. App. 1978); Kelly v. State, 627 S.W.2d 826, 827
(Tex. App.- Tyler 1982).

 In the case at hand, Appellant pleaded true to two allegations in the State's motion to revoke
probation. We reject Appellant's argument that these were mere technicalities. Every condition of
probation is important, and if not complied with, subjects the defendant to potential revocation. The
trial court is the sole trier of facts, the judge of the credibility of the witnesses and the weight to be
given the testimony. See Taylor, 604 S.W.2d at 179. A plea of true is alone sufficient to support
revocation. See Clapper, 562 S.W.2d at 250; Kelly, 627 S.W.2d at 827. The trial court did not abuse
its discretion by revoking Appellant's probation.

 Accordingly, we affirm the trial court's order revoking Appellant's probation.


Opinion delivered February 20, 2002.

Panel consisted of Davis, C.J., Worthen, J., and Griffith, J.



(DO NOT PUBLISH)