**Affirmed and Memorandum Opinion filed May 7, 2019.**



In The

# Fourteenth Court of Appeals

## NO. 14-17-00621-CR

**ENGWIN WILLIAMS, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 351st District Court**
**Harris County, Texas**
**Trial Court Cause No. 1517569**

## M E M O R A N D U M   O P I N I O N

A jury found appellant guilty of aggravated robbery, and the trial court sentenced him to twenty-two years' imprisonment. In a single issue, appellant challenges the sufficiency of the evidence to prove his identity as the perpetrator of the offense. We affirm.

## I.     Legal Principles

In a sufficiency review, we consider all of the evidence in the light most favorable to the jury's verdict to determine whether, based on that evidence and reasonable inferences therefrom, any rational juror could have found the essential elements of the crime beyond a reasonable doubt. *Balderas v. State*, 517 S.W.3d 756, 765–66 (Tex. Crim. App. 2016). We defer to the jury's responsibility to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts. *Id.* at 766. The jury is the sole judge of the credibility and weight to be attached to witness testimony, and we must defer to the jury's resolution of conflicting inferences that are supported by the record. *See id.*

"Unquestionably, the State must prove beyond a reasonable doubt that the accused is the person who committed the crime charged." *Smith v. State*, 56 S.W.3d 739, 744 (Tex. App.—Houston [14th Dist.] 2001, pet. ref'd). Identity may be proven by direct or circumstantial evidence and through inferences. *Id.*; *see also Earls v. State*, 707 S.W.2d 82, 85 (Tex. Crim. App. 1986). An eyewitness's identification is direct evidence of the defendant's guilt. *See Ex parte Saenz*, 491 S.W.3d 819, 830 (Tex. Crim. App. 2016); *Holland v. State*, 654 S.W.2d 745, 748 (Tex. App.—Houston [14th Dist.]), *aff'd*, 653 S.W.2d 820 (Tex. Crim. App. 1983) (table op., not designated for publication). Thus, the testimony of a single eyewitness can be sufficient evidence to support a conviction. *See Bradley v. State*, 359 S.W.3d 912, 917 (Tex. App.—Houston [14th Dist.] 2012, pet. ref'd) (citing *Aguilar v. State*, 468 S.W.2d 75, 77 (Tex. Crim. App. 1971)); *see also Criff v. State*, 438 S.W.3d 134, 137 (Tex. App.—Houston [14th Dist.] 2014, pet. ref'd) ("Courts have consistently held that eyewitness testimony can be sufficient to

support a conviction absent additional corroborating evidence, so long as the testimony proves every element of the offense beyond a reasonable doubt.").

## II.    Evidence

The complainant testified that he was sitting in a truck in the parking lot of an apartment complex when a gray Ford Fusion stopped in front of him, blocking his truck. A man got out of the Ford and robbed the complainant at gunpoint. The complainant described the gun as a silver and black "automatic" pistol, i.e., a gun with a magazine and not a revolver. After the robber drove away, the complainant followed to obtain the robber's license plate number. During the pursuit, the robber fired the gun several times at the complainant; the bullets did not strike the complainant or his truck. The complainant obtained the license plate number, halted his pursuit, and called 911.

During the 911 call, the complainant could not describe the robber's clothing. That night, the complainant gave a description of the robber to a police officer: "black African-American male, 20 to 30 years of age, five eight, medium brown skin."

Based on the description of the robber's car and the license plate number, Houston Police Department officers developed appellant as a suspect. About a week after the robbery, the complainant identified appellant in a photo spread as the robber. The complainant also made an in-court identification of appellant as the robber. The complainant testified that he focused on appellant's face and the gun during the robbery.

When officers located the gray Ford Fusion with the license plate number provided by the complainant, appellant was sitting in the driver's seat. The officers arrested him.

3

Appellant's girlfriend testified that appellant lived "periodically" or "on an off" with her. Police officers searched her one-bedroom apartment and found male clothes in the bedroom closet.[1] Also in the closet, officers found a firearm with the serial number scratched off. The girlfriend testified that the firearm did not belong to her. She testified that the Ford Fusion was hers, but appellant would drive it. She also testified that another man and woman lived with them around the time of the offense, and they also drove the car. The man and woman did not sleep in the bedroom near where the firearm was found.

## III.   Analysis

Appellant contends that the evidence is insufficient because the complainant's identification was flawed, there is no forensic evidence linking appellant to the robbery or firearm, and other people had access to the Ford Fusion.

Appellant takes an impermissible "divide and conquer" approach to the evidence and does not defer to the jury's role in determining credibility and weighing the evidence. *See Zuniga v. State*, 551 S.W.3d 729, 732–33 (Tex. Crim. App. 2018). Appellant's attack on the complainant's identifications is an attack on the credibility of the complainant's testimony, not its sufficiency. *See Criff*, 438 S.W.3d at 138. Similarly, evidence may be sufficient to prove aggravated robbery despite a lack of forensic evidence. *See Johnson v. State*, 176 S.W.3d 74, 77–78 (Tex. App.—Houston [1st Dist.] 2004, pet. ref'd) (legally and factually sufficient evidence of aggravated robbery based on the complainant's testimony and identifications, even though the defendant presented an alibi defense and there was no physical or forensic evidence). We defer to the jury's resolutions of conflicting

---

[1] Appellant's uncle testified that appellant stayed with him sometimes, but appellant would also stay with his girlfriend; and appellant did not have to pack clothes because appellant kept clothes at "either place."

4

inferences, such as whether one of appellant's girlfriend's roommates could have been the robber based on their access to the Ford Fusion. *See Zuniga*, 551 S.W.3d at 733.

The complainant identified appellant in a photo spread about a week after the robbery and identified appellant in court as the robber. The identifications are direct evidence of appellant's identity as the robber. *See Ex parte Saenz*, 491 S.W.3d at 830; *Holland*, 654 S.W.2d at 748; *see also Manning v. State*, No. 14-16-00483-CR, 2017 WL 4018231, at *2 (Tex. App.—Houston [14th Dist.] Sept. 12, 2017, no pet.) (mem. op., not designated for publication).

Moreover, appellant's access to the car provides additional, circumstantial evidence of appellant's identity as the robber. Appellant was known to drive the car that was used during the robbery.

Considering all of the evidence in the light most favorable to the jury's verdict, a rational juror could have found beyond a reasonable doubt that appellant was the robber. The evidence is sufficient to support his conviction.

## IV. Conclusion

Appellant's sole issue is overruled. The trial court's judgment is affirmed.

/s/     Ken Wise
Justice

Panel consists of Justices Wise, Zimmerer, and Spain.

Do Not Publish — Tex. R. App. P. 47.2(b).

5