**Affirmed and Opinion filed July 10, 2014.**



In The

# Fourteenth Court of Appeals

---

## NO. 14-13-00960-CR

---

**DAVID LEE CRIFF, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

---

**On Appeal from the 183rd District Court
Harris County, Texas
Trial Court Cause No. 1368122**

---

## O P I N I O N

Appellant David Lee Criff appeals from his conviction for injury to an elderly individual.   A jury found appellant guilty and assessed his punishment at 25 years in prison.   In a single issue, appellant asserts that the testimony of complainant, the sole eyewitness, was insufficient to prove beyond a reasonable doubt that appellant knowingly and intentionally caused injury to an elderly person.   We affirm.

## *Background*

On November 1, 2012, the seventy-eight-year old complainant was assaulted and robbed in her apartment home. According to complainant, she lived alone and ran a business out of her apartment selling sodas to residents in the complex. Appellant's ex-wife testified that she lived in complainant's apartment complex and that appellant would frequently stay with her. She also stated that appellant occasionally purchased sodas from complainant.

According to complainant, on November 1, appellant came to her apartment and asked for two "Cokes." She explained that she was out of Coke and offered him several alternatives. Appellant then told complainant that his ex-wife would not accept anything else, and while complainant's back was turned, he grabbed her neck from behind and began choking her. She said that when she cried out for help, appellant placed his hands over her mouth and punched her twice in the face, leaving her unconscious. Complainant explained that while she was unconscious, she was robbed.

Complainant further testified that upon regaining consciousness, she crawled next door to a neighbor's apartment to seek help. The neighbor testified that he called the police and notified complainant's daughter of the assault. According to the neighbor, complainant told him that she was attacked by the man who lived on the other side of them. At trial, the daughter testified that when she asked her mother who attacked her, complainant responded: "You remember the guy that came and bought the sodas? When he walked in my house the other day, you

2

stopped him and you asked him what he wanted. . . . The [man in the] apartment right behind me. Don't you remember? Right behind me."[1]

Officer Carlos Calderon of the Houston Police Department testified that when he arrived at the scene, complainant was "partially nonrespondent [sic]," so officers waited until she was alert to take her statement. According to Officer Calderon, complainant identified her attacker as "the man that lived behind [her] house," and described him as a "black male, heavyset with . . . black pants." Police located a suspect matching the description, but when they brought him over, complainant insisted he was not the man who had attacked her. In addition, Officer Calderon testified that complainant was able to clearly articulate what had happened when she made her statement and seemed adamant about knowing who committed the crime.

The record reflects that on November 15, 2012, HPD Officer Steven Hooper visited complainant to see if she could identify her attacker from a photo array. Officer Hooper testified that, while there, complainant told him about the November 1 incident. Complainant was then read certain admonishments and shown a photo array of six individuals. Hooper stated that he watched and observed complainant as she examined the photo array, watching her eyes as she examined the photographs. He testified that as her eyes moved from the left side of the page to the right side of the page "she became visibly shaken." She then positively identified appellant, whose photograph was located on the right side of the photo array, as the man who attacked her.

---

[1] The daughter also testified that, about three weeks before the attack, she was at her mother's house when appellant walked into the apartment to ask for a soda. She confronted appellant and told him, "You don't just walk in. You just stop at the door," to which he allegedly responded, "Well, I've been just walking in and getting what I want."

At trial, there was conflicting testimony regarding specific details of the attack.[2] Additionally, witness testimony differed with respect to whether complainant suffers from dementia. The daughter testified that complainant suffers from dementia, "but she [doesn't] have it where she can't remember things." The daughter explained that her mother often forgets things, but does not get confused or talk to people who are not there.[3] However, appellant's ex-wife testified that on several occasions she watched complainant "talk[] to somebody, but . . . nobody [was] there." According to Officer Calderon, no other evidence was collected from the scene or surrounding areas. The jury found appellant guilty and assessed his punishment at 25 years in prison.

### *Standard of Review*

The legal-sufficiency standard is the only standard that a reviewing court should apply in determining whether the evidence is sufficient to support each element of a criminal offense that the State is required to prove beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 318–19 (1979); *Brooks v. State*, 323 S.W.3d 893, 895 (Tex. Crim. App. 2010). Under this standard, we examine all the evidence adduced at trial. *Burden v. State*, 55 S.W.3d 608, 612 (Tex. Crim. App. 2001); *Redwine v. State*, 305 S.W.3d 360, 364 (Tex. App.—Houston [14th Dist.] 2010, pet. ref'd). When evaluating the legal sufficiency of the evidence to support

---

[2] Conflicting testimony at trial involved what was stolen, where complainant was when her neighbor found her, whether complainant's door was locked or unlocked when appellant entered, whether complainant gave police appellant's apartment number, and whether her apartment was ransacked.

[3] At trial, counsel for appellant asked the daughter, "When you say, 'dementia,' what does that mean to you?" The daughter's response was that "[complainant] forgets. Like when . . . I say, 'Did you take your medicine?' And she say[s], 'Well, I'm not sure.'" Complainant's attorney then asked the daughter to clarify, to which she testified that her mother often forgets little things, not big things.

a criminal conviction, we view all the evidence in the light most favorable to the prosecution and determine whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *McDuff v. State*, 939 S.W.2d 607, 614 (Tex. Crim. App. 1997); *Richie v. State*, No. 14-12-01027-CR, 2014 WL 2158154, at *2 (Tex. App.—Houston [14th Dist.] May 22, 2014, no pet. h.). This standard applies to both direct and circumstantial evidence. *King v. State*, 895 S.W.2d 701, 703 (Tex. Crim. App. 1995). Accordingly, we will uphold the jury's verdict unless a rational factfinder must have had a reasonable doubt as to any essential element. *Laster v. State*, 275 S.W.3d 512, 518 (Tex. Crim. App. 2009); *Redwine*, 305 S.W.3d at 364.

## *Analysis*

In his sole issue, appellant argues that complainant's testimony was insufficient to prove beyond a reasonable doubt that he was the person who caused her injuries. Appellant asserts that complainant "was described by those who knew her as suffering from dementia" and she was unable to give an accurate and reliable account of what happened to her as evidenced by her conflicting testimony regarding specifics of the attack. Furthermore, he urges this court to consider the vague descriptions given to the neighbor and HPD officers regarding appellant's appearance and where he lived.

Courts have consistently held that eyewitness testimony can be sufficient to support a conviction absent additional corroborating evidence, so long as the testimony proves every element of the offense beyond a reasonable doubt.[4] *See,*

---

[4] In appellant's brief, he argues that the potential for misidentification is high when relying solely on eyewitness testimony. Quoting *U.S. v. Wade*, appellant argues that "[t]he vagaries of eyewitness identification are well-known; the annals of criminal law are rife with instances of mistaken identification." 388 U.S. 218, 228 (1967).

*e.g.*, *Karnes v. State*, 873 S.W.2d 92, 96 (Tex. App.—Dallas 1994, no pet.) (holding that the complaining witnesses' testimony was legally sufficient to support a conviction); *Allen v. State*, 867 S.W.2d 427, 429 (Tex. App.—Beaumont 1993, no pet.) (holding that vague testimony from two witnesses was sufficient to uphold appellant's conviction because the testimony "supplied direct evidence of every element of the offense").

In cases where convictions are based on a witness's identification of the defendant without other corroborating evidence, we focus on the witness's certainty in making the identification. *See, e.g.*, *Redwine*, 305 S.W.3d at 366–67 (holding there was legally insufficient evidence to uphold appellant's conviction because witnesses were unable to identify appellant with certainty and there was no other corroborating evidence to uphold the conviction); *Jones v. State*, 772 S.W.2d 551, 553–54 (Tex. App.—Dallas 1989, pet. ref'd) (holding that there was sufficient evidence to uphold appellant's conviction as the witness clearly observed appellant commit the crime and positively identified appellant as the perpetrator). An uncertain in-court identification of an accused as the perpetrator of a crime, without more, has been held insufficient to uphold a conviction. *See Duvall v. State*, 367 S.W.3d 509, 512 (Tex. App.—Texarkana 2012, pet. ref'd). However, an equivocal identification will not make a verdict improper for lack of evidence if there is other evidence to corroborate it. *Prihoda v. State*, 352 S.W.3d 796, 803 (Tex. App.—San Antonio 2011, pet. ref'd) (citing *Anderson v. State*, 813 S.W.2d 177, 179 (Tex. App.—Dallas 1991, no pet.)).

Appellant argues that complainant's testimony is inaccurate and unreliable because she may be suffering from dementia and she gave conflicting testimony regarding specifics of the attack. These contentions attack the credibility of

6

complainant's testimony, not its sufficiency; witness credibility, however, is solely within the province of the jury. *Cain v. State*, 958 S.W.2d 404, 408–09 (Tex. Crim. App. 1997). Here, complainant was familiar with the appellant as an acquaintance and a past customer. *See Lewis v. State*, 126 S.W.3d 572, 576–77 (Tex. App.—Texarkana 2004, pet. ref'd) (holding that inconsistent statements as to the details of the offense and witness's mental retardation were not sufficient to overturn appellant's conviction as witness positively identified appellant and recognized his attacker as someone with whom he was already acquainted). At trial, it was uncontroverted that appellant frequently bought sodas from complainant. [5] Furthermore, testimony from other witnesses indicated that complainant positively identified appellant as her attacker consistently and without hesitation. Witnesses also testified that when she made each of these identifications, she appeared alert and certain that the man she identified was in fact the man who attacked her.

### *Conclusion*

Complainant's testimony was sufficient to prove beyond a reasonable doubt that appellant was in fact the person who knowingly and intentionally caused her injuries. The jury is the exclusive judge of the credibility of witnesses, the weight to be given to testimony, and is the exclusive reconciler of conflicts in the evidence. *Marines v. State*, 292 S.W.3d 103, 106 (Tex. App.—Houston [14th Dist.] 2008, pet. ref'd). Here, the jury found that complainant was a credible witness despite conflicting testimony from witnesses regarding the specifics of the attack and testimony suggesting that complainant may have had dementia. As such, viewing

---

[5] The neighbor testified that he recognized appellant as someone who frequently purchased sodas from complainant. Additionally, complainant testified that appellant used to come and buy sodas from her almost every day. Appellant's ex-wife agreed that he often bought sodas from complainant.

all the evidence adduced at trial in the light most favorable to the prosecution, a rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.

We affirm the trial court's judgment.


/s/    Martha Hill Jamison
        Justice


Panel consists of Justices Christopher, Jamison, and McCally.
Publish — TEX. R. APP. P. 47.2(b).

8