**Affirmed and Memorandum Opinion filed July 9, 2015.**



In The

# Fourteenth Court of Appeals

### NO. 14-14-00885-CR

**LUTHER KARL FERGUSON, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 183rd District Court
Harris County, Texas
Trial Court Cause No. 1423099**

## M E M O R A N D U M    O P I N I O N

Appellant Luther Karl Ferguson appeals his conviction for burglary of a habitation with intent to commit theft. *See* Tex. Penal Code Ann. § 30.02 (West 2011). In a single issue appellant argues that the evidence is insufficient to show that he committed the burglary. We affirm.

### I. BACKGROUND

Appellant was convicted of burglarizing William Garcia's house. On the day

of the offense, Myra Juarez, Garcia's neighbor, witnessed appellant coming out of Garcia's house wearing a "yellowish-greenish" safety vest. She saw appellant carrying a small appliance to a green truck that was parked in Garcia's driveway. Juarez took a picture of appellant on her cell phone because she had not seen appellant or his truck in the neighborhood before. Juarez observed appellant go back into Garcia's house once more before calling her neighbor, Kathy Perez. Perez is a member of the neighborhood board and Juarez thought Perez would know how to contact the neighborhood security guard. Juarez called Perez and sent the pictures to her.

When Perez received the pictures she looked outside and also noticed the truck that she had not seen in the neighborhood before. Perez called Jason Walker, the neighborhood security guard, and asked him to investigate the suspicious activity. After contacting Walker, Perez walked outside and saw appellant driving the truck away. Perez was still on the phone with Walker and gave him a description of the truck and driver. Perez followed appellant in her own vehicle until Walker could catch up. Perez identified appellant as the person she had seen fleeing from Garcia's house.

When Walker received the photos he drove to the area where Perez reported seeing appellant. Walker followed appellant to a commercial area where appellant lost control of his vehicle, and hit a light pole. After the accident, appellant jumped out of the vehicle and started to run away. Perez saw appellant hiding in the bushes and told Walker where to find him. Walker testified that as appellant was running away he had the safety vest in his hand. Walker eventually detained appellant, and held him until Harris County Sheriff's deputies arrived. Walker was unable to identify appellant in person, but identified a photo of appellant as the person he apprehended.

2

When Harris County Sheriff's deputy Ken Price arrived on the scene, he asked appellant for identification. Appellant identified himself as Luther Ferguson.

Garcia testified that as he drove home that day he saw Perez and Walker standing next to a truck on the side of the road. When he arrived home he saw that his home had been burglarized. Thinking that Walker may have caught the burglar, Garcia drove back to the area where he had seen Walker with the truck. Garcia looked in the bed of the truck and recognized television sets, a jar with coins, a microwave, a stereo, and his children's shoes. Garcia identified the items as having been stolen from his house.

A jury convicted appellant of burglary of a habitation and the trial court assessed punishment at confinement for 45 years in the Institutional Division of the Texas Department of Criminal Justice.

## II. SUFFICIENCY OF THE EVIDENCE

In a single issue appellant argues the evidence was insufficient to prove beyond a reasonable doubt that appellant knowingly and intentionally committed the burglary.

### A. Standard of Review

We review the sufficiency of the evidence establishing the elements of a criminal offense for which the State has the burden of proof under the single legal sufficiency standard set out in *Jackson v. Virginia*, 443 U.S. 307 (1979). *See Matlock v. State*, 392 S.W.3d 662, 673 (Tex. Crim. App. 2013); *Brooks v. State*, 323 S.W.3d 893, 912 (Tex. Crim. App. 2010).

When reviewing the sufficiency of the evidence, we view all of the evidence in the light most favorable to the verdict and determine, based on that evidence and any reasonable inferences from it, whether any rational factfinder could have found

3

the elements of the offense beyond a reasonable doubt. *Gear v. State*, 340 S.W.3d 743, 746 (Tex. Crim. App. 2011); *see also Jackson*, 443 U.S. at 319. The jury is the exclusive judge of the credibility of witnesses and the weight to be given to the evidence. *See Isassi v. State*, 330 S.W.3d 633, 638 (Tex. Crim. App. 2010). We defer to the jury's responsibility to fairly resolve or reconcile conflicts in the evidence. *Id*. We draw all reasonable inferences from the evidence in favor of the verdict. *Id*.

**B. Applicable Law**

To prove the offense of burglary of a habitation, the State must show (1) the accused (2) without the owner's consent, (3) entered a habitation, (4) with intent (5) to commit a felony, theft, or assault. *See* Tex. Penal Code Ann. § 30.02(a)(1). The sufficiency of the evidence is determined from the cumulative effect of all the evidence; each fact in isolation need not establish the guilt of the accused. *Roberson v. State*, 16 S.W.3d 156, 164 (Tex. App.—Austin 2000, pet. ref'd).

**C. Analysis**

Appellant concedes that the evidence supports the jury's finding that an individual entered Garcia's house without his consent and took his property. Appellant argues that the evidence is insufficient to prove that he was the individual who burglarized Garcia's house.

Juarez testified that she saw a man coming out of Garcia's house carrying a small appliance. She noted that the man was wearing a safety vest and driving a green truck. She took a picture of the man and sent the picture to Perez. On cross-examination, defense counsel questioned Juarez's identification of appellant suggesting that she identified him as the burglar because he was sitting at counsel table. Juarez disagreed with appellant's counsel, and stated that she remembered

4

appellant from the day she saw him coming out of Garcia's house. Perez also saw appellant, called the neighborhood security guard, and followed appellant as he drove away in the green truck. Both Juarez and Perez identified appellant as the man they saw coming out of Garcia's house. Perez identified appellant as the man driving the truck away from Garcia's house, and identified appellant as the man who jumped out of the truck when it hit the light pole. Garcia identified the items found in the truck appellant was driving as the items that were taken from his house.

The testimony of a single eyewitness can be enough to support a conviction. *Aguilar v. State*, 468 S.W.2d 75, 77 (Tex. Crim. App. 1971); *Bradley v. State*, 359 S.W.3d 912, 917 (Tex. App.—Houston [14th Dist.] 2012, pet. ref'd). The jury alone decides whether to believe eyewitness testimony, and the jury alone resolves any conflicts or inconsistencies in the evidence. *Mosley v. State*, 983 S.W.2d 249, 254 (Tex. Crim. App. 1998).

Appellant argues the evidence is insufficient because (1) Juarez did not have enough time to observe appellant to make a proper in-court identification; (2) Walker only identified appellant from a photograph; (3) Price did not witness the burglary; and (4) Garcia could not identify appellant. Appellant's first two arguments attack the credibility of the eyewitness's testimony, not its sufficiency; witness credibility, however is solely within the province of the jury. *Cain v. State*, 958 S.W.2d 404, 408–09 (Tex. Crim. App. 1997); *Criff v. State*, 438 S.W.3d 134, 138 (Tex. App.—Houston [14th Dist.] 2014, pet. ref'd). Moreover, the fact that Price and Garcia did not witness the burglary does not bear weight on the sufficiency of Juarez's and Perez's eyewitness identification.

Two eyewitnesses positively identified appellant as the man they saw exiting Garcia's house. Garcia identified the items found in the back of the truck appellant

was driving as items that were taken from his house. Viewing the evidence in a light most favorable to the verdict, a reasonable jury could have concluded that appellant was the individual who burglarized Garcia's house. The evidence is sufficient to support appellant's conviction. Accordingly, we overrule appellant's sole issue.

We affirm the trial court's judgment.


/s/    William J. Boyce
        Justice


Panel consists of Justices Boyce, McCally, and Donovan.
Do Not Publish — Tex. R. App. P. 47.2(b).