**Affirmed and Memorandum Opinion filed March 5, 2019.**



In The

# 𝕱𝖔𝖚𝖗𝖙𝖊𝖊𝖓𝖙𝖍 𝕮𝖔𝖚𝖗𝖙 𝖔𝖋 𝕬𝖕𝖕𝖊𝖆𝖑𝖘

## NO. 14-17-00837-CR

**KOLE KEATON BATISTE, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from County Court at Law No. 2 & Probate Ct
Brazoria County, Texas
Trial Court Cause No. 222458**

## MEMORANDUM OPINION

A jury convicted appellant Kole Keaton Batiste of assault - family violence, sentenced him to sixty days in jail, and assessed a $2,000 fine. Appellant timely filed this appeal. In a single issue, appellant claims the evidence is insufficient to support his conviction. We affirm.

## THE EVIDENCE

The record reflects appellant and Johnson were in a sexual, but not exclusive, relationship in the spring of 2014 through that summer. In May 2015, they again began communicating. In June 2015, the relationship turned sexual again, although not exclusive. In December, appellant said he just wanted to "be friends." In January of 2016, they began meeting at area hotels for the weekend. They met twice before the weekend of the alleged assault, which occurred the last weekend in January.

That weekend, Johnson and appellant were at a hotel in Pearland, Texas. Officer Scott Thornley of the Pearland Police Department testified the hotel is in Brazoria County, Texas. Johnson testified that in the hotel room appellant slapped her across the face. Appellant claimed that Johnson slapped him when he tried to leave the hotel. They left the hotel and Johnson was driving. According to Johnson, while they were in the car, appellant reached across and punched her in the face, near the jawline. Johnson said she hit appellant while trying to block his punches. Appellant testified Johnson punched him in the nose. At the time, they were on Highway 288. Thornley testified that Johnson estimated her location was by Airport Boulevard, which is in Harris County. Appellant admitted to the assault on Johnson while they were traveling down Highway 288 and testified it occurred in Harris County.

According to Johnson, while returning to the hotel in Pearland she performed oral sex on appellant while he was driving the car. Appellant became upset at her performance and began hitting her "in the head area" and the side of her face. Johnson stated that lasted about ten minutes. After they reached the hotel parking lot appellant hit her around her head and face. Appellant pulled her hair, pulled her head down into his lap, and repeatedly started hitting her around the face and in the head.

2

When appellant let her up, Johnson's nose was bleeding. Her face felt swollen and really hurt. Her jaw felt tight and hurt.

Appellant denied the oral sex occurred and disputed that he hit Johnson, either while in the car or the parking lot. Appellant testified that Johnson again hit him on the nose.

Johnson called 911 and a police officer met her in the hotel lobby, took her statement and photographed her facial injuries. Photographs of Johnson's face were admitted into evidence. Johnson testified the left side of her face was swollen and her eye was almost shut. The swelling and pain lasted a week. Thornley testified there were abrasions and swelling around Johnson's eyes and nose, she was crying, and she appeared scared and nervous. According to Thornley, Johnson's injuries were consistent with her version of events. Thornley testified that Johnson's written statement was consistent with her initial verbal statement.

Johnson knew appellant was not exclusively dating her and was not interested in being her boyfriend. Appellant testified the relationship was not "romantic," although he admitted it was "intimate." Appellant described their relationship as friends that "had sex." According to appellant, the relationship was "on and off" rather than continuous. Appellant testified that he and Johnson maintained contact after the alleged assault at the hotel and continued having sex until he was arrested in April of 2016. Although Johnson had testified that she did not have contact with appellant after the assault, she then admitted that she had and even continued to have sex with him.

SUFFICIENCY OF THE EVIDENCE

Appellant asserts the evidence that he assaulted Johnson in Brazoria County is insufficient because Johnson "is a liar," the relationship continued after the assault

3

at the hotel,[1] and he denied assaulting Johnson that night, except for when he struck her in the car as they drove on Highway 288. Further, appellant claims there was insufficient evidence that he and Johnson were in a dating relationship. Based on these claims, we will determine whether the evidence was sufficient for a rational trier of fact to find beyond a reasonable doubt that appellant assaulted Johnson and appellant and Johnson were in a dating relationship. Further, we will consider the question of venue.

We apply a legal-sufficiency standard of review in determining whether the evidence supports each element of a criminal offense that the State is required to prove beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 318–19, 99 S. Ct. 2781, 61 L.Ed.2d 560 (1979); *Temple v. State*, 390 S.W.3d 341, 360 (Tex. Crim. App. 2013); *see Gear v. State*, 340 S.W.3d 743, 746 (Tex. Crim. App. 2011). Under this standard, we examine all the evidence adduced at trial in the light most favorable to the verdict to determine whether a jury was rationally justified in finding guilt beyond a reasonable doubt. *Temple*, 390 S.W.3d at 360; *Criff v. State*, 438 S.W.3d 134, 136–37 (Tex. App.—Houston [14th Dist.] 2014, pet. ref'd). We consider all evidence in the record, whether admissible or inadmissible. *Winfrey v. State*, 393 S.W.3d 763, 767 (Tex. Crim. App. 2013). We also consider both direct and circumstantial evidence, as well as any reasonable inferences that may be drawn from the evidence. *See Clayton v. State*, 235 S.W.3d 772, 778 (Tex. Crim. App. 2007). We will uphold the jury's verdict unless a rational factfinder must have had a reasonable doubt as to any essential element. *Laster v. State*, 275 S.W.3d 512, 518

---

[1] We are aware of no reason, and appellant provides none, that evidence the relationship continued is relevant. We therefore do not address it.

(Tex. Crim. App. 2009); *West v. State*, 406 S.W.3d 748, 756 (Tex. App.—Houston [14th Dist.] 2013, pet. ref'd).

We consider all evidence presented at trial, but we do not re-evaluate the weight and credibility of the evidence or substitute our judgment for that of the fact finder. *See Williams v. State,* 235 S.W.3d 742, 750 (Tex. Crim. App. 2007). Because the jury is the sole judge of the witness's credibility and the weight given their testimony, we resolve any evidentiary conflicts or inconsistencies in favor of the verdict. *See Wesbrook v. State*, 29 S.W.3d 103, 111 (Tex. Crim. App. 2000).

1.      *Was there legally sufficient evidence of the assault?*

Johnson testified that appellant assaulted her twice at the hotel in Brazoria County. In addition to Johnson's testimony, the jury heard Thornley's account of Johnson's appearance and saw the photographs of her face. Appellant denied those assaults but admitted to the assault in Harris County. Appellant claimed to have been assaulted by Johnson.

The credibility of appellant and Johnson, the weight to be given their testimony, and the resolution of their conflicting testimony was a matter for the jury. From the evidence presented, a rational juror could have found beyond a reasonable doubt that appellant intentionally, knowingly or recklessly caused bodily injury to Johnson.  *See* Tex. Penal Code § 22.01(a)(1)).

2.      *Was there legally sufficient evidence of a dating relationship?*

Appellant further challenges whether the State proved, beyond a reasonable doubt, that he and Johnson had a dating relationship. Tex. Fam. Code § 71.0021 provides, in pertinent part:

(b) For purposes of this title, "dating relationship" means a relationship between individuals who have or have had a continuing relationship of a romantic or intimate nature. The existence of such a relationship shall be determined based on consideration of:

> (1) the length of the relationship;

> (2) the nature of the relationship; and

> (3) the frequency and type of interaction between the persons involved in the relationship.

Appellant claims the record does not support the jury's finding that he and Johnson had a dating relationship because it was "one-sided" and "casual." Given the testimony concerning the length and nature of the relationship, including the fact that it had been sexually intimate in the weeks immediately preceding the assault, was sexually intimate on the day of the assault, and continued to be sexually intimate for several more months, a rational juror could reasonably conclude there was sufficient evidence to find that appellant and Johnson had a continuing relationship of an intimate nature. *See* Tex. Fam. Code § 71.0021(b); *see, e.g., Villareal v. State*, 286 S.W.3d 321, 324 (Tex. Crim. App. 2009) (concluding evidence was sufficient to show dating relationship where defendant and complainant spent night at each other's residences and had dated only about one month). Considering the evidence in the light most favorable to the verdict, a rational juror could have found beyond a reasonable doubt that Johnson and appellant were in a "dating relationship" when the assault occurred.

3. *Was the presumption of proper venue rebutted?*

Appellant also challenges whether the evidence shows the offense was committed in Brazoria County. The State bears the burden of proving venue by a preponderance of the evidence. Tex. Crim. Proc. § 13.17; *Minton v. State*, 485 S.W.3d 655, 661 (Tex. App.—Amarillo 2016, pet. ref'd). However, unless disputed

in the trial court, or unless the record affirmatively shows the contrary, we must presume that venue was proven in the trial court. Tex. R. App. P. 44.2(c)(1); *Schmutz v. State*, 440 S.W.3d 29, 35 (Tex. Crim. App. App. 2014). Our review is limited to determining whether the issue of venue was raised in trial court, and, if the venue issue was not brought to trial court's attention, whether it affirmatively appears from the record that the presumption of proper venue is inapplicable. *Schmutz*, 440 S.W.3d at 35. For appellant to successfully overcome the presumption that venue was proved at trial, he must show that "the record affirmatively negates whatever proof was made by the State on the matter of venue." *Holdridge v. State*, 707 S.W.2d 18, 21–22 (Tex. Crim. App. 1986).

The record does not reflect, and appellant does not contend, the issue of venue was brought to the trial court's attention. Accordingly, we review the record to determine if the record affirmatively negates the State's evidence that the offense occurred in Brazoria County.

Johnson testified that appellant assaulted her twice at the hotel in Brazoria County. Appellant denied the assaults, not the fact that the hotel was in Brazoria County. Johnson's credibility was a matter for the jury. From her testimony a rational juror could have found, by a preponderance of the evidence, that the offense was committed in Brazoria County, Texas. Because appellant failed to raise the issue of venue at trial, and the record does not affirmatively and conclusively show Brazoria County was an improper venue, appellant failed to rebut the presumption of proper venue.

## CONCLUSION

We have reviewed the evidence and conclude the evidence is sufficient for a rational trier of fact to have found beyond a reasonable doubt that appellant assaulted Johnson and they had a continuing relationship of an intimate nature. Further,

7

appellant failed to rebut the presumption venue was proper in Brazoria County, Texas. Accordingly, we overrule appellant's issue and affirm the trial court's judgment.

/s/ Margaret "Meg" Poissant
Justice

Panel consists of Justices Wise, Jewell and Poissant.
Do Not Publish — Tex. R. App. P. 47.2(b).