**Affirmed and Memorandum Opinion filed March 31, 2020.**



In The

# Fourteenth Court of Appeals

## NO. 14-18-01002-CR

### ANTHONY LAWRENCE GARNER, Appellant

### V.

### THE STATE OF TEXAS, Appellee

**On Appeal from the 10th District Court**
**Galveston County, Texas**
**Trial Court Cause No. 17CR1255**

## MEMORANDUM OPINION

Appellant Anthony Lawrence Garner appeals his conviction for evading arrest or detention with a vehicle. *See* Tex. Penal Code Ann. § 38.04(b)(2)(A). In a single issue, appellant asserts the evidence is legally insufficient to establish that he intentionally fled from law enforcement while in his vehicle. We affirm.

### BACKGROUND

On the day of the offense Officer Picard of the Texas City Police Department

was on patrol in his marked patrol unit. While on patrol Picard was flagged down by a female who told Picard that her sister's car had been stolen. The woman pointed out a Chevrolet Malibu that she claimed was her sister's car that had been stolen. The Malibu was at the same intersection as Picard's patrol car.

When the Malibu turned at the intersection Picard followed the Malibu and activated his emergency lights and siren. Picard identified appellant as the driver of the Malibu. When Picard activated his lights and siren appellant did not stop but accelerated to approximately 55 miles per hour in a 30-mile-per-hour speed zone. Appellant then led Picard through a residential neighborhood traveling at approximately 55 miles per hour and refusing to stop. Appellant never stopped the car while driving through the residential area despite going through several intersections with stop signs. Picard's lights and siren were activated during the entire chase. Appellant finally stopped the car, bailed out, and began fleeing on foot. Appellant was eventually apprehended by Picard and another police officer.

When Picard was pursuing appellant, he did not use the exterior amplified microphone to instruct appellant to stop his vehicle. Picard explained that he was holding the radio microphone in his hand and the exterior microphone is another handheld device. Since Picard was pursuing appellant at a high speed, he was unable to juggle two microphones to use the exterior microphone during the pursuit.

Officer Jose Santos, of the La Marque Police Department K9 unit, became involved in the pursuit of appellant through the residential neighborhood. Santos joined the pursuit in the residential area where the speed limit was 30 miles per hour. Santos activated his emergency lights. When Santos first joined the pursuit appellant and Picard were quite a distance ahead of Santos; when Santos got closer, he also activated his siren. Santos saw appellant running on foot after appellant stopped his car. Santos left his patrol car and began to chase appellant on foot along with

2

Santos's canine partner Rocky. Santos advised appellant to stop running and gave Rocky the command to apprehend. Rocky apprehended appellant by biting him on the leg. After Santos and another officer placed appellant in handcuffs Rocky was removed.

During the pursuit a WatchGuard in-car video system was activated on Picard's patrol car. The camera was automatically activated when the emergency lights were activated. The camera was working on the day of the offense. Picard submitted the video footage and marked it as evidence placing it in an evidence locker. Picard wrote the date, time, and his unit number on a paper evidence tag and turned that evidence tag into the ID department. It is the ID Department's responsibility to upload the video from the WatchGuard system to a case file. The video footage from Picard's patrol car was lost before trial. Picard had no knowledge about how the footage was lost.

Picard was also wearing a body camera, which recorded the foot pursuit. The body camera footage was admitted into evidence and played for the jury. The video showed appellant's apprehension by officers and the K9 unit. The video also showed Picard's patrol car along with several other patrol cars all with emergency lights flashing.

Laura Hall, a records technician for the Texas City Police Department, was asked to locate Picard's patrol car video from the day of the offense. Hall could not find the video and was unable to explain why it was unavailable. Hall testified that shortly after the date of this offense the Texas City Police Department changed the system they used for in-car videos from WatchGuard to Axion. Hall was unable to locate any videos from the WatchGuard system in April 2017. The police department changed to the Axion system on April 13, 2017, eleven days after the date of the offense. Hall testified she did not know what happened to the videos but speculated

3

they could have been lost or purged by WatchGuard. Any videos submitted before April 13, 2017 were lost during the transition between the video companies.

The jury found appellant guilty of evading arrest with a vehicle and the trial court assessed punishment at 15 years in prison. In a single issue, appellant challenges the sufficiency of the evidence to support his conviction.

## STANDARD OF REVIEW

We apply a legal-sufficiency standard of review in determining whether the evidence is sufficient to support each element of a criminal offense that the State is required to prove beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 318–19 (1979); *Temple v. State*, 390 S.W.3d 341, 360 (Tex. Crim. App. 2013). Under this standard, we examine all the evidence adduced at trial in the light most favorable to the verdict to determine whether a jury was rationally justified in finding guilt beyond a reasonable doubt. *Temple*, 390 S.W.3d at 360; *Criff v. State*, 438 S.W.3d 134, 136–37 (Tex. App.—Houston [14th Dist.] 2014, pet. ref'd). We consider all evidence in the record, whether admissible or inadmissible. *Winfrey v. State*, 393 S.W.3d 763, 767 (Tex. Crim. App. 2013). We also consider both direct and circumstantial evidence, as well as any reasonable inferences that may be drawn from the evidence. *See Clayton v. State*, 235 S.W.3d 772, 778 (Tex. Crim. App. 2007). We will uphold the jury's verdict unless a rational fact finder must have had a reasonable doubt as to any essential element. *Laster v. State*, 275 S.W.3d 512, 518 (Tex. Crim. App. 2009).

Although we consider all evidence presented at trial, we do not re-evaluate the weight and credibility of the evidence or substitute our judgment for that of the fact finder. *See Williams v. State*, 235 S.W.3d 742, 750 (Tex. Crim. App. 2007). The jury alone decides whether to believe eyewitness testimony. *Mosley v. State*, 983 S.W.2d 249, 254 (Tex. Crim. App. 1998); *Price v. State*, 502 S.W.3d 278, 281 (Tex.

App.—Houston [14th Dist.] 2016, no pet.). Because the jury is the sole judge of the witnesses' credibility and of the weight given their testimony, we resolve any evidentiary conflicts or inconsistencies in favor of the verdict. *See Wesbrook v. State*, 29 S.W.3d 103, 111 (Tex. Crim. App. 2000). The testimony of a single eyewitness can be enough to support a conviction. *Aguilar v. State*, 468 S.W.2d 75, 77 (Tex. Crim. App. 1971).

## ANALYSIS

A person commits the offense of evading arrest with a motor vehicle if he, while using a vehicle, intentionally flees from a person he knows to be a peace officer attempting lawfully to arrest or detain him. Tex. Penal Code Ann. § 38.04; *Redwine v. State*, 305 S.W.3d 360, 362 (Tex. App.—Houston [14th Dist.] 2010, pet. ref'd).

Appellant's sole challenge is to the legal sufficiency of the evidence to show he knew a police officer was trying to stop him while he was in the vehicle. Appellant admits the evidence is sufficient to establish he evaded arrest or detention after he left his vehicle but argues there is not enough evidence in the record to establish that appellant knew that Picard was trying to stop him while appellant was driving the car.

To hold that evidence is legally sufficient to sustain a conviction for evading arrest or detention with a vehicle, the evidence must demonstrate that appellant, while using a vehicle, intentionally fled from a person he knew to be a peace officer attempting lawfully to arrest or detain him. *Redwine*, 305 S.W.3d at 362; Tex. Penal Code Ann. § 38.04. A person violates Section 38.04 if he knows a police officer is attempting to arrest him but nevertheless refuses to yield to a police show of authority. *Redwine*, 305 S.W.3d at 362.

5

Appellant argues that the lack of video evidence of the police officer pursuing him with lights and siren renders the evidence insufficient to establish that he knew a police officer was attempting to arrest or detain him while he was still in the vehicle. We disagree. The record reflects that appellant and Picard were stopped at a traffic light when the woman told Picard appellant had stolen her sister's car. Picard followed appellant's car when he turned at the intersection; Picard activated his emergency lights and siren after making the turn. Before Picard activated his lights and siren appellant was driving at a normal rate of speed. Appellant accelerated after Picard activated his lights and siren and led Picard, and later Santos, on a high-speed chase through a residential neighborhood. Appellant did not stop the vehicle while being pursued by two patrol cars using emergency lights and sirens.

Speed, distance, and duration of pursuit may be factors in considering whether a defendant intentionally fled. *Griego v. State*, 345 S.W.3d 742, 751 (Tex. App.—Amarillo 2011, no pet.). In this case, appellant was driving through a residential area at 55 miles per hour for a long enough time period to allow another officer to join the pursuit. A rational trier of fact could consider the speed at which appellant was driving in addition to the fact that he increased his speed after Picard activated lights and siren, and was pursued by more than one patrol car through a residential area, in determining whether appellant fled from a person he knew to be a police officer attempting to lawfully arrest or detain him. *See* Tex. Penal Code Ann. § 38.04.

The missing patrol car video does not render the evidence insufficient. Picard and Santos's testimony is sufficient to support a conviction for the offense. *See Aguilar*, 468 S.W.2d at 77. Also, the body camera video was admitted into evidence and played for the jury. The jury saw appellant running from police officers until he was apprehended by a dog. The video also showed several patrol cars with their lights activated while officers pursued appellant on foot. A rational trier of fact could

have viewed the video of appellant fleeing on foot and determined that immediately before appellant jumped out of his car that he was fleeing from those same police officers.

Viewing the evidence in the light most favorable to the verdict, and drawing reasonable inferences therefrom, a rational jury could have determined beyond a reasonable doubt that appellant knew while he was driving the vehicle that a peace officer was attempting to lawfully arrest or detain him. *See Jackson*, 443 U.S. at 319. We overrule appellant's sole issue and affirm the trial court's judgment.

/s/    Jerry Zimmerer
        Justice

Panel consists of Justices Jewell, Bourliot, and Zimmerer.

Do Not Publish — Tex. R. App. P. 47.2(b).