**Affirmed and Memorandum Opinion filed October 12, 2023.**



In The

# Fourteenth Court of Appeals

NO. 14-22-00401-CR
NO. 14-22-00402-CR

**CHARLES KEESHAWN HOGAN, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 263rd District Court
Harris County, Texas
Trial Court Cause Nos. 1568363 & 1568365**

## M E M O R A N D U M   O P I N I O N

Appellant Charles Keeshawn Hogan appeals his convictions for aggravated robbery and aggravated kidnapping. In a single issue, he argues that he is entitled to acquittal because there is legally insufficient evidence that he was the perpetrator of the offenses. After reviewing the evidence in the light most favorable to the jury's guilty verdict, we affirm.

## Background

Frederick Blanchard, the seventy-six-year-old complainant in this case, was on his patio when he heard someone behind him say, "Turn around and don't look at me." Blanchard turned and briefly glimpsed a six-foot-tall Black man, later identified as appellant, pointing a gun at him. Other than that brief glimpse, Blanchard "did the best [he] could not to look at him."

Appellant directed Blanchard to drive to Blanchard's bank, while appellant sat in the back seat pointing the gun at Blanchard. Blanchard withdrew $500 from his bank's ATM, which appellant then took from him. Blanchard and appellant returned to Blanchard's home, where appellant bound Blanchard with rope. As he held Blanchard captive, appellant cooked himself a meal in Blanchard's kitchen.

Later, appellant unbound Blanchard and directed him again to go to a different bank, where Blanchard attempted to withdraw more money but was unsuccessful due to his account's daily withdrawal limit of $500. Blanchard and appellant returned once more to Blanchard's home, at which point appellant told Blanchard to go into a closet. After a while, Blanchard exited the closet, did not see appellant, and escaped the house to call the police.

When the police responded, they discovered that appellant had left Blanchard's house and taken Blanchard's car. The officers recovered a napkin from Blanchard's kitchen and the rope used to bind Blanchard. Lab testing developed a DNA profile on both items. There was a potential major contributor and a potential minor contributor from the napkin. Blanchard could not be excluded as the minor contributor, and appellant could not be excluded as the major contributor.[1] The odds of another person's DNA, other than appellant's,

---

[1] The detective in charge of the investigation received an "investigative lead" in the case, directing him to appellant, who lived within "walking distance" of the complainant at the time of

2

matching the profile from the napkin was one in three quintillion. There were three potential contributors from the rope, including appellant and Blanchard. The DNA mixture on the rope was 798 billion times more likely to have originated from Blanchard, appellant, and a third unknown individual, than to have originated from Blanchard and two unknown individuals and not appellant.

Blanchard reviewed a photo lineup of suspects but did not identify anyone as the perpetrator.

The State indicted appellant on one count of aggravated robbery and one count of aggravated kidnapping. After appellant pleaded not guilty to the charges, the cases were tried in a single jury trial.

The jury found appellant guilty as charged in the indictments and assessed punishment at ten years' confinement in the Institutional Division of the Texas Department of Criminal Justice and a $1,000 fine for aggravated robbery, and fifteen years' confinement and a $1,000 fine for aggravated kidnapping, to run concurrently.

Appellant timely appealed.

## Analysis

Appellant challenges his convictions in a single issue, arguing that the evidence is legally insufficient to support the jury's guilty verdicts.

### A.    Charged Offenses and Standard of Review

Appellant was charged with and convicted of aggravated robbery. A person commits robbery if, in the course of committing theft and with the intent to obtain or maintain control of the property, he intentionally, knowingly, or recklessly

---

the incident. The detective obtained a search warrant to take a buccal swab from appellant, from which an analyst was able to extract appellant's DNA.

causes bodily injury to another or intentionally or knowingly threatens or places another in fear of imminent bodily injury or death. Tex. Penal Code § 29.02(a). A person commits theft if he unlawfully appropriates property with the intent to deprive the owner of property. *Id.* § 31.03(a). A person commits aggravated robbery if he commits robbery and, as relevant here, uses or exhibits a deadly weapon. *Id.* § 29.03(a)(2).

Appellant was also charged with and convicted of aggravated kidnapping. A person commits this offense if: (a) he intentionally or knowingly abducts another person with the intent to, inter alia, hold him for ransom or reward or use him as a shield or hostage; or (b) the person intentionally or knowingly abducts another person and uses or exhibits a deadly weapon during the commission of the offense. *Id.* § 20.04(a)(1), (2), (b).

To obtain a conviction, the State must prove, inter alia, that the defendant is the person who committed the charged offense. *Johnson v. State*, 673 S.W.2d 190, 196 (Tex. Crim. App. 1984); *Kromah v. State*, 283 S.W.3d 47, 50 (Tex. App.— Houston [14th Dist.] 2009, pet. ref'd). The State may prove a defendant's identity by either direct or circumstantial evidence, coupled with all reasonable inferences from that evidence. *See Gardner v. State*, 306 S.W.3d 274, 285 (Tex. Crim. App. 2009).

We apply a legal-sufficiency standard of review in determining whether the evidence is sufficient to support each element of a criminal offense that the State is required to prove beyond a reasonable doubt, including identity. *Jackson v. Virginia*, 443 U.S. 307, 318-19 (1979); *Temple v. State*, 390 S.W.3d 341, 360 (Tex. Crim. App. 2013). Under this standard, we examine all the evidence adduced at trial in the light most favorable to the verdict to determine whether a jury was rationally justified in finding guilt beyond a reasonable doubt. *Temple*, 390

S.W.3d at 360; *Criff v. State*, 438 S.W.3d 134, 136-37 (Tex. App.—Houston [14th Dist.] 2014, pet. ref'd). This standard applies to both direct and circumstantial evidence. *Criff*, 438 S.W.3d at 137. Accordingly, we will uphold the jury's verdict unless a rational factfinder must have had a reasonable doubt as to any essential element. *Laster v. State*, 275 S.W.3d 512, 518 (Tex. Crim. App. 2009); *West v. State*, 406 S.W.3d 748, 756 (Tex. App.—Houston [14th Dist.] 2013, pet. ref'd).

## B.    Application

The only element of the charged offenses that appellant challenges is identity. According to appellant, the DNA evidence does not provide sufficient evidence of identity and "[o]nly by speculation can [appellant] be identified as the perpetrator." We disagree.

Blanchard had never met appellant and had never invited appellant into his home. Blanchard was bound by a rope that contained appellant's DNA. Blanchard kept his kitchen tidy and regularly threw away napkins once he used them. He testified that he would not have left a used napkin on the kitchen counter. Appellant's DNA was found on the napkin recovered by police. The logical inference from this evidence is that appellant was the man who confronted Blanchard with a gun, bound Blanchard with rope, held Blanchard captive in his home, cooked and ate a meal in Blanchard's kitchen, and directed Blanchard to his bank to withdraw money, which appellant then took. In other words, the jury could reasonably infer from the evidence that appellant was the perpetrator of the offenses against Blanchard. *See, e.g.*, *Finley v. State*, 529 S.W.3d 198, 203-04 (Tex. App.—Houston [14th Dist.] 2017, pet. ref'd) (defendant's DNA at the crime scene sufficient to establish his identity as perpetrator); *Jones v. State*, 458 S.W.3d 625, 631-32 (Tex. App.—Houston [1st Dist.] 2015, pet. ref'd) (sufficient evidence

of identity where defendant's DNA was found on items used during the commission of capital murder); *Jones v. State*, 418 S.W.3d 745, 748 (Tex. App.—Houston [14th Dist.] 2013, no pet.) (presence of defendant's DNA on broken glass inside vehicle was sufficient to prove identity for burglary of that vehicle).

The sole case upon which appellant relies is *Winfrey v. State*. In that case, the Court of Criminal Appeals reversed the appellant's murder conviction based on legally insufficient evidence. *See Winfrey v. State*, 393 S.W.3d 763, 772-73 (Tex. Crim. App. 2013). *Winfrey* is easily distinguishable—there, the appellant was excluded as a contributor to DNA collected from the crime scene, and there was no other physical evidence linking the appellant to the crime. *See id.* at 765 ("No physical evidence connected appellant or her family to the scene, nor were she or any member of her family connected to the property assumed to be missing from Burr's home."), 772 ("The state's suggestion of an appropriate inference drawn from blood drops on the vacuum cleaner supports no connection to appellant at all because the DNA of those blood drops did not match any of the Winfreys."). *Winfrey* does not alter our analysis.

## Conclusion

We overrule appellant's sole issue and affirm the trial court's judgments in both cases.

/s/ Kevin Jewell
   Justice

Panel consists of Justices Jewell, Spain, and Wilson.
Do Not Publish — Tex. R. App. P. 47.2(b).