**Affirmed and Memorandum Opinion filed July 23, 2024.**



In The

# Fourteenth Court of Appeals

## NO. 14-23-00292-CR

**OMAR HERNANDEZ, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 337th District Court**
**Harris County, Texas**
**Trial Court Cause No. 1652776**

## M E M O R A N D U M   O P I N I O N

Appellant Omar Hernandez appeals his conviction for murder.  In a single issue, he contends the evidence is insufficient to support the jury's rejection of his claims of self-defense and defense of a third person.  We conclude that legally sufficient evidence supports his conviction and affirm the trial court's judgment.

## Background

Appellant shot the complainant, David Lozano, who later died from his injuries. At trial, appellant claimed he acted in self-defense and in defense of a third person, but the jury rejected those defensive arguments and found appellant guilty. The jury heard the following evidence, which we detail in the light most favorable to the verdict.[1]

Appellant was married to Wendy, who has two children from a prior marriage to David. We refer to Wendy's children—appellant's stepchildren—as "Mary" and "Drew."[2] On November 3, 2019, David was completing a visitation weekend with Mary and Drew. He returned the children to Wendy's and appellant's home and drove away.

When Drew entered the home, he was wearing a jacket/hoodie that David had bought him, which violated Wendy's rule that the children were not to wear things their father bought them in Wendy's and appellant's home. Appellant confronted Drew about the clothes, and Drew went to his room to remove the clothes and call David. According to Mary, David was returning to the house, and she and Drew planned to leave with him.

David arrived and stopped his truck in front of the house, and Wendy went to talk with him through the open passenger-side window. Appellant went outside and stood by the house briefly. He then approached David's truck and began yelling at him. Meanwhile, Drew got into the truck's back seat, and Mary stood just behind

---

[1] *See Jackson v. Virginia*, 443 U.S. 307, 319 (1979) (explaining that in a legal sufficiency review of the evidence in a criminal trial, we view the evidence in the light most favorable to the prosecution).

[2] We use pseudonyms because appellant's stepchildren were minors at the time of the shooting. *See* Tex. R. App. P. 9.10. Mary was fifteen, and Drew was twelve.

Wendy on the truck's passenger side. According to Mary and Drew, appellant yelled threats at David. After David refused to get out of his truck, appellant shot him, and the bullets penetrated his stomach and arm. David, with Drew still in the backseat of the truck, drove away to a nearby shopping center parking lot. Mary followed. Mary and Drew saw David bleeding and in pain. Drew called 911. An ambulance transported David to the hospital, where he died several days later.

Appellant's defensive theories were self-defense and defense of a third person. On these points, the evidence was conflicting. Mary and Drew testified that David did not make any threatening gestures before the shooting and that there was enough light to see that David was unarmed.

Appellant's version differed. After the shooting, appellant went inside the home and unloaded his gun. He called 911 to report the incident. Officers arrived to investigate. In a recorded interview played for the jury, appellant said that David threatened him and his family. He did not say, however, that David had a weapon or threatened him with one. Appellant said he saw David "reaching" for something "in the console" before appellant fired the gun.

Wendy testified that David threatened both her and appellant, as well as appellant's family, before appellant shot David. Wendy saw David "moving around" in the truck before the shooting, but she could not see David's hands and did not specify that David appeared to be reaching for anything.

Appellant testified that he approached David's truck because David was yelling and cursing at Wendy. According to appellant, David began yelling and cursing at him and threatened to kill appellant and his family. Appellant testified

that he believed David was reaching for a gun, although he acknowledged that he did not actually see a gun in David's hands.[3]

Appellant also described an altercation years earlier when David stabbed appellant with a knife.[4]  Appellant stated that David pleaded guilty for the assault and served time in prison.  David had been out of prison for about six months at the time of the shooting.

The jury charge contained instructions regarding self-defense and defense of a third party, as well as instructions concerning the presumption of reasonableness in defending oneself or another person.  The jury rejected these defensive issues and found appellant guilty of murder as charged in the indictment.  After the punishment hearing, the jury rejected appellant's claim of sudden passion and assessed his punishment at eighteen years' confinement in the Texas Department of Criminal Justice, Institutional Division.  The trial court signed a judgment in accordance with the jury's verdict.

## Analysis

In a single issue, appellant contends that the evidence is legally insufficient to support his conviction for murder.  *See* Tex. Penal Code § 19.02(b)(2).  Appellant challenges the jury's rejection of his self-defense and defense of a third party claims. He does not contest that he intentionally shot David and caused his death.

---

[3] Crime scene investigators found two knives and a sharpening block in the truck's passenger seat, but they did not find a gun.

[4] According to Wendy, appellant did not require surgery or stitches for his wound and refused to go to the hospital.  A photograph depicting a healing scratch on appellant's stomach associated with this incident was admitted into evidence.

**A.      Standard of Review and Applicable Law**

We review the legal sufficiency of the evidence to support a jury's rejection of a self-defense claim under the familiar *Jackson v. Virginia* standard. *See Martinez v. State*, 633 S.W.3d 698, 704 (Tex. App.—Houston [14th Dist.] 2021, pet. ref'd). Under that standard, we examine all the evidence in the light most favorable to the verdict and determine whether a rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt. *See Jackson v. Virginia*, 443 U.S. 307, 319 (1979). We presume that the jury resolved conflicting evidence and inferences in favor of the verdict. *See Braughton v. State*, 569 S.W.3d 592, 607-08 (Tex. Crim. App. 2018); *Criff v. State*, 438 S.W.3d 134, 136-37 (Tex. App.—Houston [14th Dist.] 2014, pet. ref'd).

The State is not required to produce evidence to refute a defendant's self-defense claim. *Braughton*, 569 S.W.3d at 608-09. It is the defendant's burden to produce some evidence in support of his self-defense claim. *Id.* Once the defendant produces such evidence, the State has the ultimate burden of persuasion to disprove it. *See id.* The burden of persuasion does not require that the State produce evidence disproving the defense; rather, it requires that the State prove its case beyond a reasonable doubt. *See id.* (citing *Saxton v. State*, 804 S.W.2d 910, 913 (Tex. Crim. App. 1991)). In reviewing the evidence, we must remain mindful that we defer to the jury's determinations of the witnesses' credibility and the weight to be given their testimony, as the jury is the sole judge of those matters. *Jackson*, 443 U.S. at 326; *see Braughton*, 569 S.W.3d at 609. Self-defense is a fact issue to be determined by the jury, and the jury is free to accept or reject any defensive evidence on this issue. *See Braughton*, 569 S.W.3d at 609 (citing *Saxton*, 804 S.W.2d at 914). If the jury finds the defendant guilty, it implicitly rejects his self-defense theory. *See id.* (citing *Saxton*, 804 S.W.2d at 914).

Under Penal Code section 9.31, a person is justified in using force against another when and to the degree that person reasonably believes the force is immediately necessary to protect himself against another person's use or attempted use of unlawful force. Tex. Penal Code § 9.31(a). Verbal provocation alone is insufficient to justify self-defense. *See id.* § 9.31(b)(1); *Walters v. State*, 247 S.W.3d 204, 213 (Tex. Crim. App. 2007).

Under section 9.32(a), a person is justified in using *deadly* force if he would be justified in using force under section 9.31, and he reasonably believes that deadly force is immediately necessary to protect himself against another's use or attempted use of deadly force. Tex. Penal Code § 9.32(a)(2). The "reasonably believes" language contains both subjective and objective components: a defendant must subjectively believe that another person used or attempted to use unlawful force (section 9.31) or deadly force (section 9.32) against the defendant and the defendant's use of unlawful or deadly force in response was immediately necessary. *Lozano v. State*, 636 S.W.3d 25, 32 (Tex. Crim. App. 2021) (citing *Werner v. State*, 711 S.W.2d 639, 645 (Tex. Crim. App. 1986); *Semaire v. State*, 612 S.W.2d 528, 530 (Tex. Crim. App. 1980)). Additionally, the defendant's subjective belief must be reasonable, that is, a belief held by an "ordinary and prudent man in the same circumstances as the actor." *Id.*; Tex. Penal Code § 1.07(a)(42). The actor's belief that deadly force was immediately necessary is presumed reasonable if the actor: (1) knew or had reason to believe that the person against whom the deadly force was used was committing or attempting to commit aggravated kidnapping, murder, sexual assault, aggravated sexual assault, robbery, or aggravated robbery; (2) did not provoke the person against whom the force was used; and (3) was not otherwise engaged in criminal activity at the time the force was used. *See* Tex. Penal Code § 9.23(b).

Section 9.33 provides that a person is justified in using force or deadly force against another to protect a third person if he would be justified under section 9.31 or 9.32 in using force or deadly force to protect himself against the unlawful force or deadly force he reasonably believes to be threatening the third person he seeks to protect, and he reasonably believes that his intervention is immediately necessary to protect the third person. *Id.* § 9.33. "In other words, a defendant is justified in defending a third person if, under the circumstances as the defendant reasonably believes them to be, the third person would be justified in defending himself." *Henley v.* State, 493 S.W.3d 77, 89 (Tex. Crim. App. 2016). The jury received instructions consistent with this law.

## B.    Application

Appellant claims that he reasonably feared for his life and the lives of his family members, and thus he was justified in shooting David. Specifically, appellant argues that: (1) David verbally threatened deadly harm to appellant and his family; (2) appellant saw David moving around in his truck, which made appellant think that David might have been reaching for a weapon, including a gun; and (3) David had previously assaulted appellant with a knife and threatened appellant and his family. The jury heard appellant's testimony in support of his arguments. The jury also heard Wendy's testimony that David threatened her and appellant and that she saw David moving around in the truck, although she never saw him with any weapons in hand.

Relying solely on his own testimony, appellant contends that he was entitled to a presumption that his use of deadly force was reasonable. *See* Tex. Penal Code § 9.32(b), (c). The jury was instructed on this presumption, as well as the general law of self-defense and defense of a third party. By its verdict, the jury indicated that it believed Mary's and Drew's version of events, rather than appellant's.

7

"'Defensive evidence which is merely consistent with the physical evidence at the scene of the alleged offense will not render the State's evidence insufficient since the credibility determination of such evidence is solely within the jury's province and the jury is free to accept or reject the defensive evidence.'" *Braughton*, 569 S.W.3d at 609 (quoting *Saxton*, 804 S.W.2d at 914). Although appellant points to asserted inconsistencies, contradictions, and biases he claims are apparent in Mary's and Drew's testimony, it is the jury's province to resolve those inconsistencies and weigh witness credibility. *See id.* at 608-09.

Further, even assuming that David made the verbal threats appellant attributed to him, such verbal provocations alone would not justify appellant's use of deadly force. *See* Tex. Penal Code § 9.31(b)(1); *Walters*, 247 S.W.3d at 213. No one testified that David used or attempted to use unlawful deadly force or threatened appellant or anyone else with a weapon before appellant shot David. Thus, even if the jury credited appellant's testimony, the jury reasonably could have believed that the use of deadly force was not immediately necessary to protect either appellant or Wendy from David's use or attempted use of unlawful deadly force. *See Henley*, 493 S.W.3d at 89 ("[F]orce that is 'immediately necessary' to protect oneself or another from a person's use of unlawful force is force that is needed at that moment—when a split second decision is required." (second internal quotation omitted)); *see also Rankin v. State*, 617 S.W.3d 169, 183 (Tex. App.—Houston [1st Dist.] 2020, pet. ref'd); *Mitchell v. State*, 590 S.W.3d 597, 604-05 (Tex. App.—Houston [1st Dist.] 2019, no pet.); *Bundy v. State*, 280 S.W.3d 425, 435 (Tex. App.—Fort Worth 2009, pet. ref'd).

In sum, "it is apparent that appellant's defensive claims hinged almost entirely on the credibility of the witnesses who viewed the events," i.e., Drew, Mary, Wendy, and appellant. *See Braughton*, 569 S.W.3d at 610. It was for the jury to weigh these

competing versions of events and believe or disbelieve the testimony as it saw fit. Our review of the record shows that the evidence (1) was legally sufficient for the jury to find that appellant committed murder and (2) supports the jury's implicit rejection of appellant's theory that he acted in self-defense or defense of a third party.

Accordingly, we overrule appellant's sole issue.

## Conclusion

We affirm the trial court's judgment.


/s/    Kevin Jewell
           Justice

Panel consists of Justices Jewell, Bourliot, and Poissant.

Do Not Publish — Tex. R. App. P. 47.2(b).